Hays v. Wilstach.

## No. 7977.
## HAYS v. WILSTACH.

REAL ESTATE, ACTION TO RECOVER.—*Sheriff's Sale.—Mortgage.—Agreement.
—Evidence.*—Where to an absolute deed of lands there is a separate written defeasance, thus constituting a mortgage, *it seems* that parol evidence to show that the deed was intended to operate as a mortgage is not admissible, except in cases of fraud or mistake; and an agreement, made without the knowledge of a judgment plaintiff, between the judgment defendant and his vendee of the premises, that the vendee should assume the payment of plaintiff's claim, and allow defendant to remain in possession, and that a certain sum agreed upon as interest should stand instead of rent, is not competent evidence in a suit by an assignee of plaintiff, the purchaser at sheriff's sale, to recover possession from the defendant.

SAME.— *Trust and Trustee.— Mesne Profits.— Demand.— Ejectment.*—After a judgment foreclosing a mortgage of real estate, and before sale thereon the judgment defendant, by absolute deed intended to operate as a mortgage, conveyed the premises to P., who undertook to advance money to pay the mortgage debt and other debts of the judgment defendant, but of this the judgment plaintiffs had no notice. Subsequently, the land was purchased at sheriff's sale, upon the judgment, by the plaintiffs therein, and they then entered into a contract with P. for the sale of their certificate of purchase to him, receiving a sum of money in hand, and the sale to be effective upon the payment by him to them of the balance of their debt in certain instalments, and, for the purpose of carrying out this contract, the certificate was assigned to W. in trust, who had no notice of the contract between P. and the judgment defendant.

*Held*, that W. on receiving a sheriff's deed could maintain ejectment against the judgment debtor, and that demand of possession was not necessary.

*Held*, also, that mesne profits to the time of the trial could be recovered.

*Held*, also, that the rights of the judgment defendant against P. could not be interposed to defeat W. in a suit for possession and mesne profits.

SAME.— *Unrecorded Defeasance.*—An unrecorded defeasance is not notice to subsequent purchasers.

SAME.—*Notice.*—The continued possession by a judgment defendant of lands sold on execution against him, is not notice to the judgment plaintiff, or his assignees, that the right of possession is claimed or held in any other character than that existing at the time of the sale.

SAME.—*Agreement between Execution Defendant and Third Person.*—An execution defendant in possession can not make any agreement with a third person which will impair the rights of the judgment creditor.

SAME.—An execution defendant in possession can not contest the title of the judgment creditor's assignee.

SAME.—*Payment of part of Judgment.—Effect of.*—The rule that, where money is paid in redemption of lands sold upon execution, the holder of the

certificate can not take out a sheriff's deed, does not apply to a case where a third person agrees to buy the certificate and pays part of the agreed price therefor.

From the Tippecanoe Circuit Court.

*E. H. Brackett, W. F. Hayes, J. A. Stein, J. R. Coffroth, T. A. Stuart, S. A. Huff* and *J. Park,* for appellant.

*D. Turpie, A. W. Reynolds, E. B. Sellers, J. A. Wilstach* and *J. W. Wilstach,* for appellee.

ELLIOTT, C. J.—On the 10th day of May, 1870, appellant executed to John Richey a mortgage upon the real estate in controversy. Richey died in 1872, and the mortgage was foreclosed on the 9th day of May, 1876, at the suit of the heirs of Richey. The land was sold upon this decree on the 1st day of March, 1877, and was purchased by Alice L. Elliott and Keltie McCoy, the plaintiffs in the foreclosure proceedings. On the 13th day of September, 1876, one B. D. Pettit executed to the appellant an agreement reading as follows:

"BROOKSTON, September 13th, 1876.

"I hereby assume and agree to pay the sum of twenty-one thousand and eighty dollars as follows, to wit: The sum of fourteen thousand dollars to the heirs of John Richey; thirty-seven hundred and seventy-five dollars to the Second National Bank of Lafayette; fifteen hundred and six dollars to the Lafayette Savings Bank, and eighteen hundred dollars to George Chamberlain. Should Cormacan Hays pay me the above amounts, with the interest thereon at the rate of ten per cent. per annum, within three years from this date, or cause to be paid, I hereby bind myself, heirs and administrators to make the said Cormacan Hays a good and sufficient deed to a certain tract of real estate contained in a deed of said Hays and wife to Benjamin D. Pettit, dated August 1st, 1876."

The deed referred to in this instrument was signed and acknowledged on the day named, but was not delivered until the 25th of the following month.

The purchasers at the sheriff's sale, Mrs. Elliott and Mrs.

McCoy, entered into an agreement with Pettit on the 7th day of April, 1877, wherein it was stipulated that the sheriff's certificate should be assigned in blank and placed in the hands of Chase and Wilstach as an escrow; that if the said real estate should be redeemed the redemption money should be paid in certain proportions to the parties to the contract; that if there was no redemption Pettit should, within a specified time, pay the amount due the owners of the certificate. On the 2d of March, 1878, a second agreement was entered into between the same parties, wherein it was provided that the time of payment should be extended and that the blank in the assignment of the certificate should be filled with the name of John A. Wilstach. The provisions of these instruments need not now be further noticed as it will be necessary to speak of them further on.

There is no evidence showing that either Wilstach or his assignors had any actual or express notice of the agreement between the appellant and Pettit.

We shall follow the order of discussion adopted by counsel, and consider and decide the questions in the order in which they are presented in argument.

In the course of his testimony the appellant said: "It was understood between us (Pettit and the witness), at the time, that I was to remain in possession, and that the ten per cent. interest which it was stipulated in the agreement I was to pay, should stand in the place of rent." On the appellee's motion the court ruled that the statement quoted should "be struck out for all purposes, except upon the single question whether the transaction between said Hays and said Pettit amounted to a mortgage or not." Appellant has no reason to complain of this ruling. If there was error it was in his favor. The admission of oral testimony to prove that a deed absolute on its face is a mortgage constitutes a marked exception to the general rule forbidding the contradiction of written instruments by parol evidence. The testimony in this instance could not have been competent for any other

purpose than that of proving the deed to be a mortgage. We do not mean to say that it was admissible for that purpose in a case such as this, where the deed and the defeasance have been reduced to writing. We are strongly inclined to the opinion that where both the conveyance and the stipulations are embodied in written instruments, oral testimony is not competent, except in cases of fraud or mistake.

The proposition which counsel next discuss is, that the court erred in allowing mesne profits up to the time of the trial. There was no error in this. Our own cases declare the rule to be that, in actions for the recovery of the possession of real estate, the mense profits up to the day of the trial may be allowed as damages. *Pendergast* v. *McCaslin*, 2 Ind. 87. The old, common-law doctrine was, that only nominal damages could be recovered in an action of ejectment, but this rule has been changed by statute. *Woodruff* v. *Garner*, 27 Ind. 4 (*vide* opinion p. 8). The common-law authorities upon this subject do not apply to actions for the recovery of real property brought under our statute.

A judgment plaintiff is not bound to take notice of rights acquired by a judgment debtor, subsequent to the judgment. The fact that the judgment debtor is in possession is not notice that he has acquired any new or additional right or interest in the land since the sheriff's sale. There are some cases where possession is notice, but the continued possession by a judgment defendant of lands sold upon execution against him, is not notice to the judgment plaintiff, or his assignees, that the right to possession is claimed or held in any other character than that existing at the time of the sale.

Neither Wilstach nor the assignors of the sheriff's certificate were bound to take notice of the agreement between Hays and Pettit. If they were bound to look to the record at all, they would have found that Pettit held the land by an absolute deed. This would have been the extent of the knowledge which they could have acquired, and they were not bound to

look further or make inquiry elsewhere.    An unrecorded defeasance is not notice.    *Tuttle* v. *Churchman*, 74 Ind. 311.

We can not perceive, therefore, how the appellee could have been affected by the agreement between Pettit and Hays.

If it were conceded that the appellee or his assignors had knowledge of this agreement, it would not have affected their rights.    The execution debtor could not make any agreement with third persons which would impair the rights of the judgment plaintiffs.    No matter what agreement was made between Hays and Pettit, the judgment plaintiffs had a right to enforce their judgment.    They had done nothing impairing their rights.    Their judgment was not weakened by Pettit's agreement to pay it.    Until they assented to the agreement, they were in no wise parties to it.    But they never did assent to it, for they never had any knowledge of its existence.

We are not required to enquire into the relationship between Hays and Pettit, for what they did, or agreed to do, could not impair the rights of the appellee, unless he or his assignors had notice of their relationship or agreement.    Whether the contract between appellant and Pettit made the latter a trustee or a mortgagee, is not here the question.    The question here is, what are the legal rights of the judgment creditors of the appellant?

The appellant is not in a situation to contest the right of appellee to maintain this action.    The legal title is in the latter.    It is not important to the appellant whether the appellee has or has not anything more than the mere legal title.    It is the duty of a judgment debtor to surrender possession to the judgment plaintiff or his assignee.    It is not for the debtor to contest the right of an assignee holding the legal title by the voluntary assignment of the judgment plaintiff.    *Turner* v. *First Nat. Bank, etc.*, 78 Ind. 19.

It is not necessary for the plaintiff in an action for the recovery of real property purchased at sheriff's sale to make a demand of the judgment debtor for possession.    It is the duty

of the debtor to surrender possession at the expiration of the year allowed for redemption, without any demand.

An agreement between the execution defendant and a third person, of which the execution plaintiff has no notice, can not change the nature of the debtor's possession in such a manner as to impose upon the execution creditor the burden of making a demand before instituting his action for possession. The agreement between appellant and Pettit had not the effect to change the former's possession from that of an execution defendant into that of a mortgagor or equitable owner as against the execution plaintiff. Whatever may have been the effect of the agreement between appellant and Pettit, the assignors of the appellee were not in any manner affected by it, for they had no notice of its existence.

In a supplemental brief, counsel for appellant argue that as the execution plaintiffs and owners of the sheriff's certificate had accepted part of the money due upon the judgment they had waived their right to hold the property as purchasers. It is decided in *Hughart* v. *Lenburg*, 45 Ind. 498, that where part of the money due upon the judgment is accepted by the holder of the certificate in redemption of the land, he cannot hold the land as a purchaser, but holds a mere lien upon it for the amount of the judgment remaining unpaid. This we regard as the correct rule. It must be borne in mind, however, that this rule applies only where the money is paid upon the judgment, or for the purpose of redeeming the property.

The rule that where there has been an acceptance of redemption money, the holder of the certificate loses his character of purchaser, does not extend to cases where a third person pays money, not for the purpose of redeeming, but for the purpose of becoming the owner of the certificate, or of acquiring the title to the land. The holder of the certificate has a right to sell it, and to sell upon such terms as he chooses. He may sell all or a part of his interest. He may provide for the payment of the agreed price as he deems best. If the execution defendant is not a party to the agreement, he can

not derive benefit from it to the prejudice of the rights of the owner of the certificate.

The transaction between Pettit and the assignors of the appellee must be regarded as a conditional sale of an interest in the certificate issued to them by the sheriff. In order to exhibit, with sufficient definiteness the transaction between the parties named, it is necessary to state some of the provisions of the agreement of which an outline has been given. This.agreement recites the amount due upon the judgment; that Pettit has paid to the holders of the certificate $4,542.24, and provides that in case the land is redeemed Pettit shall receive the proper proportion of the redemption money, and the other parties the residue. It is further provided, that in case there is no redemption, Pettit shall be allowed a certain time in which to pay the amount due upon the judgment, and that the certificate of sale shall be assigned in blank and delivered to Chase and Wilstach, as an escrow; and it is also provided that upon the payment of certain designated sums, and the execution of notes and mortgage, the assignment of certificate shall be filled up, with the name of Benjamin D. Pettit in such a manner as to entitle him to receive a deed. In an agreement subsequently made the time of payment was extended, and it is recited that "It is supposed that such an extension will give time for the prosecution of a suit for the possession of said lands by John A. Wilstach, trustee, but the said payments are to be made promptly as they may mature, without any delay occasioned by the pendency of any such suit. At the close of said suit Wilstach is to convey to said Pettit, or his assigns, upon payment of all payments due, and executing notes and a first mortgage on said premises, securing such portion of said payments as may then remain unpaid. This instrument also provided that the blank in the assignment should be filled with the name of John A. Wilstach, trustee. Taking the provisions of these instruments together, it is very evident that Pettit did not intend to redeem, nor the appellee's assignors to accept any money in

redemption of the lands.  It is equally clear that the owners of the certificate neither meant to nor did surrender their right to enforce their judgment to Pettit, or to any one else.  They retained this right, and the execution debtor can not retain possession, because they sold, or agreed to sell, an interest in the certificate.  Nor can the fact that they agreed that the trustee should, after a certain time and upon the performance of certain acts, convey the legal title to Pettit, enable the appellant to hold possession against their assignee or grantee.

If it were granted that Pettit was the trustee of appellant, and that all bargains made by him must enure to appellant's benefit, still the appellee would have a right to recover possession as the trustee of the holders of the title conveyed by the sheriff's deed.  The appellee can not be defeated because appellant has a legal or equitable claim against Pettit.  The question is a very different one from what it would be in an action by or against Pettit.  That the appellant has some right in the land as against Pettit is clear enough, but his right against Pettit will not enable him to defeat the appellee.  Appellant can not use his right against Pettit to secure his possession against his judgment creditors, seeking to enforce a right vested in them by the sheriff's sale.  The question here is, what are the rights of the appellee against the appellant, not what are the rights of the appellant against Pettit?

Appellee does not hold the title for Pettit.  The execution plaintiffs were the owners of the certificate, and they transferred it to Wilstach, for the purpose of carrying into effect a conditional sale of the certificate; but they retained the equitable right and estate.  Until the full amount of the purchase-money has been paid or secured, the trustee has no right to convey.  The beneficial interest remains in them.  If Pettit fails to pay as agreed, the original holders of the certificate become owners of the whole interest, for they do not agree to make him the owner until he has paid the full consideration.  Wilstach is their trustee.  They had the power

of appointment, not Pettit, and they exercised this power for their own use and benefit.

If it were fully and broadly conceded that Pettit was appellant's trustee, and that appellant had full power to compel the appellee to do for him what his assignors had agreed to do for Pettit, still the appellant can not defeat this action. If he has all the rights that Pettit has, he takes them burdened with the same conditions. These conditions would have required Pettit, had he sought to enforce the agreement, to perform, or offer to perform, all that he had agreed to do. The appellant can not, even upon his own theory, succeed without tendering performance of that which the person through whom he claims had undertaken to perform.

The transaction between Pettit and the appellee's assignors gave the appellant no rights against them. Towards them his relation of judgment debtor remains unchanged. He can not use his rights against Pettit, whatever they are, to defeat the enforcement of the right conferred by the sheriff's sale. In an action between him and Pettit, the inquiry as to the character and extent of appellant's rights against Pettit will be a material and controlling one. It is not relevant or material in the present controversy between appellant as judgment debtor and the appellee as representative of his judgment creditors.

Judgment affirmed.

Opinion filed at the November term, 1881.
Petition for a rehearing overruled at the May term, 1882.