No. 11,983.

## HAYS ET AL. *v.* WILSTACH.

APPEAL BOND.—*Liability of Obligors.*—*Rent of Land Pending Appeal in Action for Possession.*—The obligors upon an appeal bond, given by the defendant on appeal to the Supreme Court from a judgment for the possession of real estate, are liable for the amount of the money judgment, and for the rental value of the real estate pending the appeal.

SAME.—*Stay of Proceedings.*—*Consideration.*—The legal effect of an appeal bond, given by a defendant on appeal to the Supreme Court from a judgment against him for possession of real estate, is to stay proceedings upon such judgment, which is a sufficient consideration to bind the obligors.

From the Tippecanoe Superior Court.

*S. A. Huff, R. P. Davidson, J. C. Davidson* and *W. F. Hays*, for appellants.

*A. W. Reynolds, E. B. Sellers, A. W. Caldwell* and *J. L. Caldwell,* for appellee.

ZOLLARS, C. J.—In 1878, appellee instituted an action against appellant Hays for the recovery of the possession of real estate, and for damages for the detention thereof. Pending the suit, a receiver was appointed to take charge of all the real estate in controversy, except thirty acres, the possession of which appellant Hays retained. Upon the final hearing, judgment was rendered against Hays, in favor of appellee, for the possession of all the real estate, and for $175 for the detention thereof. By the same judgment, the receivership was continued as to all the real estate, except the thirty acres, pending the appeal to the Supreme Court. From this judgment Hays at once appealed to this court, and filed an appeal bond, which was approved by the court. The judgment was finally affirmed by this court in 1882. *Hays* v. *Wilstach,* 82 Ind. 13. Pending the appeal, Hays remained in the possession of the thirty acres, undisturbed by any execution or writ of ejectment.

The present action is upon that appeal bond. The court below found the facts specially, and rendered judgment against appellants, as the principal and sureties upon the bond, for the amount of the money judgment in the former action, and for the rental value of the thirty acres pending the former appeal. From this judgment appellants prosecute the present appeal. They ask a reversal of the judgment upon two grounds: First. That the court below erred in charging them, as bondsmen, with the rental value of the thirty acres pending the appeal; and, Second. That although the judgment in the former suit was for the possession of the whole of the real estate, yet, as all of it, except the thirty acres, was left in the possession of the receiver, no writ of ejectment could have issued, and hence the bond did not stay pro-

ceedings upon the judgment, and was, therefore, without consideration.

The first of these grounds presents the identical question examined and decided adversely to the position of appellants in the recent case of *Opp* v. *TenEyck*, 99 Ind. 345.

Conceding, without deciding, that pending the appeal, appellee might not have been entitled to a writ for the possession of the real estate left in the possession of the receiver, yet we know of no reason why, in the absence of an appeal bond, a writ might not have been issued upon the judgment and executed as to the thirty acres in the possession of Hays and the appellee put into the possession of it. As a matter of fact, proceedings upon the judgment were stayed by the filing of the appeal bond, and such, we think, without doubt, was the legal effect of the bond. The bond, therefore, was not without consideration.

As neither of the grounds urged for a reversal is tenable the judgment is affirmed with costs.

Filed March 31, 1885; petition for a rehearing overruled June 17, 1885.