# GOODWIN *v.* FOX

APPEAL FROM ,THE CIRCUIT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF ILLINOIS.

Submitted March 14, 1887. — Decided March 21, 1887.

The entry, on the stipulation of the parties, in a suit in equity, in which an appeal has been allowed but the record is incomplete, of an order extending the time for filing the appeal bond and the certificate of evidence, is equivalent to an order as of that date renewing the allowance of appeal in open court in the presence of both parties, and the appeal is returnable at this court as if allowed at the date of the entry of the order; but if the appeal bond in such case is not filed until after the term in which the appeal was allowed by the court, citation or its equivalent is necessary to notify the appellee that the appeal allowed in term time has not been abandoned by failure to furnish the security, and the endorsement by counsel for appellees of his approval of the appeal bond is the equivalent of such notice.

THIS was a motion to dismiss.    The case is stated in the opinion of the court.

*Mr. W. C. Goudy* for the motion.

*Mr. Charles H. Wood* and *Mr. John N. Jewett* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The facts on which this motion rests are these:
On the 17th of February, 1877, Kate W. Fox filed a bill in equity against I. Willard Fox and Eleanor Fox to enforce a lien on certain property held by her through a deed from them, absolute on its face as security for a debt.    Pending the suit she was married to Charles S. Goodwin, and Sarah E. R. Smith, wife of Charles M. Smith, in some way acquired title to a part of the mortgaged property.    To the original bill some amendments were made, and answers were filed.    On the 8th of December, I. Willard Fox and Eleanor Fox filed a cross-bill against Kate W. Goodwin, Charles S. Goodwin, Sarah E. R. Smith, and Charles M. Smith.    To this cross-bill answers were

filed and on the issues made in the suit there was a final hearing, which resulted in a decree July 29, 1884, fixing the amount of debt due and allowing a redemption on terms specified in the decree.

The record then shows that on the 6th of August, 1884, the "complainant" came into court and prayed an appeal, which was "allowed on her filing a bond in the penal sum of one thousand dollars within sixty days from this date, with surety to be approved by the court," and the time for filing certificate of evidence was extended to October 1.

On the 29th of August, I. Willard Fox died testate, leaving Eleanor Fox, his widow, and Isaac B. Fox, Flora F. Clark, Truman G. Fox, Emily F. Beckley, Eleanor J. Fox, and Gertrude R. Fox, his heirs-at-law, all of whom were legatees and devisees under his will.

On the 29th of September an amendment of some kind was made to the decree, and on the 6th of October an order was entered in accordance with a stipulation that day filed, extending for twenty days the time for filing a certificate of evidence and a bond. On the 25th of October the court ordered an extension of eight days for filing bond, and on the 1st of November, 1884, upon a stipulation that day filed, a further extension of twenty-five days for the bond and certificate was granted. Upon the 25th of November, under a like stipulation, a further extension was granted until January 1, 1885, and on the 26th of December, 1884, until thirty days after January 1. This last order was also made upon stipulation.

On the 12th of January, 1885, the death of I. Willard Fox was suggested on the record, and his heirs made parties in his stead. The defendants were thereupon required to convey the property in accordance with the decree. On the 26th of January, the master reported the execution of the deeds, and they were confirmed. On the 31st of January, the time for filing certificate of evidence and bond was extended until March 1; afterwards, February 28, by stipulation, until March 20; then, March 19, also, by stipulation, for thirty days; and finally, by stipulation, the time for filing the certificate of

evidence was extended until May 1. On the 1st of May, the certificate of evidence was signed and filed. On the 20th of June, 1885, an appeal bond in the penal sum of $1000, executed by Kate W. Goodwin, Charles S. Goodwin, Sarah E. R. Smith, and Charles M. Smith, with J. Bradner Smith as surety, to Eleanor Fox and the above-named heirs and representatives of I. Willard Fox, was duly approved by the District Judge, and filed with the clerk. The bond, when it was approved, had on it this endorsement: "This bond, as to form and surety, is satisfactory. W. C. Goudy." Mr. Goudy was the counsel of the appellees.

The appeal was docketed in this court, October 20, 1885, but no citation was ever signed or issued. The times for holding the terms of the Circuit Court for the Northern District of Illinois are fixed by law on the first Monday of July and the third Monday of December, and there are adjourned terms held on the first Monday of October and the first Monday of March in each year.

The grounds of the motion to dismiss are, 1, that no citation has ever been issued or served; and, 2, that the appeal was not docketed here before the end of October Term, 1884.

In our opinion, the entries on the stipulation of the parties of the various orders extending the time for filing the appeal bond and certificate of evidence, were equivalent to an order at the date of each respectively, renewing the allowance of the appeal in open court in the presence of both parties. They were evidently made to keep alive the original allowance, but to give it effect as of the new date, and this because the record in its then condition was incomplete and not ready for filing in this court. Under these circumstances, the docketing of the cause here at October Term, 1885, was in time. The appeal was not actually taken until the entry of the last extension of time for filing a bond and certificate of evidence. This was March 19, 1885, too late to make it returnable at October Term, 1884.

Had the appeal bond been taken and approved by the court at the same term no citation would have been necessary, because the allowance of the appeal was, under the operation of

the stipulation, the same in its effect for the purpose of a citation as the allowance of an appeal in open court during the term at which the decree was rendered. But as the bond was not filed until after the term, a citation or something equivalent was necessary, as matter of procedure, to give the appellees notice that the appeal which had been allowed in term time had not been abandoned by the failure to furnish the security before the adjournment. *Dodge* v. *Knowles*, 114 U. S. 430; *Hewitt* v. *Filbert*, 116 U. S. 143. In the present case the endorsement by the counsel for the appellees of his approval of the bond was the equivalent of such a notice, and there was no necessity for a citation in form.

*The motion is denied.*