Holloran *et al. v.* The Midland Railway Company.

No. 14,644.

HOLLORAN ET AL. *v.* THE MIDLAND RAILWAY COMPANY.

APPEAL.—*Perfection of.—Notice to Co-Parties.—Remedying Defect.*—Section 633, R. S. 1881, declares that all appeals must be taken within one year from the time the judgment is rendered. All appeals not taken in accordance with section 638, R. S. 1881, providing for appeals in term time, require notice to be given. Section 635, R. S. 1881, provides that a part of several co-parties may appeal, but in such cases they must serve notice of the appeal upon all the other co-parties, and file the proof thereof in the Supreme Court.

*Held,* that where a part of several co-parties appeal without complying with section 635 or 638, the defect can not be remedied, after the time limited for effecting appeals has expired, by filing in the Supreme Court a written appearance of a party not appealing and his refusal to join in the appeal.

From the Clinton Circuit Court.

*F. M. Trissal, G. Shirts* and *J. V. Kent,* for appellants.

*H. Crawford,* for appellee.

OLDS, J.—The appellants, John Holloran and George W. Ingerman, brought this suit against the Midland Railway Company. The Midland Railway Company filed a cross-complaint, making the appellants, Holloran, Ingerman, Vincenzo Fiorella, Anthony Frisco, parties defendant to the cross-complaint, and asking for a judgment against all of said defendants. There was a trial before the court without the intervention of a jury. The court made a special finding of facts, and stated its conclusions of law, and on the 15th day of May, 1888, rendered a final judgment jointly against said Holloran, Ingerman, and Fiorella. Holloran and Ingerman filed a motion for new trial, which was overruled, and they took an appeal to this court, and filed the transcript in the clerk's office of this court on the 16th day of November, 1888. Vincenzo Fiorella did not join in the appeal, and no notice of the appeal was served on him.

On the 20th day of March, 1891, the appellee, the Midland

Railway Company, filed a motion to dismiss the appeal for the reason that the judgment from which the appeal was taken was a joint judgment against Holloran, Ingerman, and Fiorella, and the said Fiorella has not appealed, and has been served with no notice of appeal. The appellants, Holloran and Ingerman, were notified of the motion to dismiss.

Appellants, Holloran and Ingerman, conceding that the motion to dismiss is well taken, on the 5th day of October, 1891, procured the written consent of Fiorella and Frisco to appear and decline to join in the appeal, and filed the same in the clerk's office of this court, together with their motion for leave to amend their assignment of error.

Section 633, R. S. 1881, declares that "Appeals in all cases hereafter tried must be taken within one year from the time the judgment is rendered."

Section 638, R. S. 1881, provides for appeals in term time, and where the provisions of the latter section are complied with no notice is required, but this section requires the fixing of the penalty of the bond and the surety to be given and that the same be approved by the court. When the bond is given and other steps taken, as required by this section, within the time fixed by the court, no notice of appeal is necessary. *Conaway* v. *Ascherman,* 94 Ind. 187 ; *Hays* v. *Wilstach,* 101 Ind. 100; *Goodwin* v. *Fox,* 120 U. S. 775; *Easter* v. *Acklemire,* 81 Ind. 163.

In this case there was not a compliance with section 638, *supra.* There was no time fixed for the filing of the bond, and no bond was filed in accordance with the provisions of this section of the statute. All appeals not taken in accordance with section 638, *supra,* require notice to be given. Section 639, R. S. 1881 ; *Ruschaupt* v. *Carpenter,* 63 Ind. 359 ; *Hays* v. *Wilstach, supra; Goodwin* v. *Fox, supra.*

Section 635 provides that "A part of several co-parties may appeal; but in such case, they must serve notice of the appeal upon all the other co-parties, and file the proof thereof with the clerk of the Supreme Court." The object of this sec-

tion is to enable a part of the co-parties to appeal. It does not purport to extend the time allowed for appeal, and it is clear that it was not intended to do so. The time allowed within which an appeal may be taken is one year, whether the appeal be by all or only a part of the co-parties, and the appeal must be perfected within that time.

In the case of *Bacon* v. *Withrow*, 110 Ind. 94, it was held that when the assignment of errors is not filed in the Supreme Court within one year from the time final judgment was entered in the cause in the trial court, the appeal will be dismissed. The same doctrine was again held in the case of *Lawrence* v. *Wood*, 122 Ind. 452; *Arbuckle* v. *Swim*, 123 Ind. 208; *Hawkins* v. *McDougal*, 126 Ind. 544; *Herzogg* v. *Chambers*, 61 Ind. 333; *Koons* v. *Mellett*, 121 Ind. 585.

In the case of *Smythe* v. *Boswell*, 117 Ind. 365, this court said: "It is unquestionably true that the Legislature may limit the time within which appeals may be taken. The limitation operates primarily upon the parties, but it also binds the court, because it is a rule of procedure established by valid legislation. Our decisions are, therefore, right in holding that an appeal must be taken within the time limited by the statute, and that, unless the transcript and the assignment of errors are filed within that time, there is no cause in this court."

In *Joyce* v. *Dickey*, 104 Ind. 183, it was held that an appeal not taken within one year from the time the case was finally disposed of in the circuit court will be dismissed. *Day* v. *School City of Huntington*, 78 Ind. 280.

The decisions are unanimous in holding that the appeal must be perfected within the year. The reasons for perfecting the appeal by giving and filing the notice required by section 635, *supra*, when only a part of the co-parties appeal within the year, are just as cogent as that the transcript and assignments of errors shall be filed within the year, and such was evidently the intention of the Legislature.

It has also been held by this court, in the case of *Flory*

v. *Wilson*, 83 Ind. 391, that the time allowed by law can not be extended by an agreement. If the adverse parties can not extend the time of appeal by agreement, certainly the co-parties or judgment defendants can not extend the time and prevent plaintiff from having his cause disposed of in the Supreme Court. *Buntin* v. *Hooper*, 59 Ind. 589.

The appeal in this cause not having been taken in term time in accordance with the provisions of section 638, *supra*, and the notice not having been given in accordance with section 635, *supra*, and the appeal perfected within one year from the date of final judgment in the circuit court, the cause was not properly in this court, and the appeal can not be maintained by filing in the clerk's office of this court a written appearance of the judgment defendant not made a party to the appeal, and his refusal to join in the appeal after nearly three years have elapsed from the time of the rendition of final judgment in the circuit court.

The motion to dismiss must be sustained.

Appeal dismissed, at costs of appellants.

Filed Oct. 13, 1891.