Filed April 1, 1892.

131  81
132  211
131  81
139  328

No. 16,524.

## Ex Parte Sweeney.

APPEAL.—*In Term.*—*Bond.*—The filing of a bond is an essential step in perfecting a term appeal, and where a bond is not filed within the time limited by the order granting the appeal, the appeal must be on notice.

BY THE COURT.—The petition of the clerk asks us to decide whether the filing of a bond is essential to the effectiveness of an appeal in term. We adjudge that the filing of a bond is an essential step in perfecting a term appeal, and that where a bond is not filed within the time limited by the order granting the appeal, the appeal must be upon notice. This doctrine has been asserted in many unreported decisions, made upon motions, and is declared in *Holloran* v. *Midland R. W. Co.*, 129 Ind. 274. See, also, 2 Works Pr. Sec. 1090; *June* v. *Payne*, 107 Ind. 307; *Goodwin* v. *Fox*, 120 U. S. 775 ; *Webber* v. *Brieger* (Col.), 27 Pac. Rep. 871). In *Jones* v.

*Droneberger*, 23 Ind. 74, and in *Ham* v. *Greve*, 41 Ind. 531, there are intimations of a contrary doctrine, but there was no authoritative decision upon the question. The failure to file a bond does not, however, prevent an appeal upon notice. As held in *Burt* v. *Hœttinger*, 28 Ind. 214, a bond is not always essential to an appeal; but, as held in *Holloran* v. *Midland R. W. Co.*, *supra*, where there is no bond, notice is required. A bond is, we may add, not essential to the appeal, although it is necessary to obtain a supersedeas, where notice is given.

Filed March 31, 1892.