## John V. Farwell Company *v.* Newman et al.

[No. 2,359.   Filed May 26, 1897.]

Appeal.—*Dismissal.*—Where a cause has been appealed in vacation, and has been upon the docket for ninety days, and there has been no general appearance by appellee, it will be dismissed under rule XXXV of the Appellate Court.

From the Grant Circuit Court. *Appeal Dismissed.*

*J. A. Kersey* and *Harvey & De Wolf*, for appellant.

*H. J. Paulus*, for appellees.

Comstock, J.—Appellees entered a special appearance for the sole purpose of moving the court to dismiss this appeal for want of jurisdiction of the persons of appellees. Notice of the motion has been duly given. Two modes of appeal are provided by statute, section 652, Burns' R. S. 1894 (640, Horner's R. S. 1896), provides for an appeal after term. Section

650, Burns' R. S. 1894 (638, Horner's R. S. 1896), provides for an appeal during term.

"When an appeal is taken during the term at which judgment is rendered, it shall operate as a stay of all other proceedings on the judgment, upon an appeal bond being filed by the appellant, with such penalty and surety as the court shall approve, and within such time as it shall direct. * * * The transcript shall be filed in the office of the clerk of the supreme court within sixty days after filing the bond."

The filing of the bond within the time fixed is mandatory.

Section 248, of Elliott's App. Proced. reads, "It is evident that the framers of the statute in providing for an appeal in term intended to designate all the steps that should be taken to perfect such an appeal, not to provide merely some of the steps that should be taken by the appellant. If one of the steps designated is important, so are they all, and the courts have as little power to dispense with one step as with all. What the statute requires must be done, or there is no appeal in term. * * * It dispenses with the important element of notice which is required in all other cases, but in doing this substitutes a system of procedure requiring that all the acts specified shall be performed." See, also, sections 246, 247, 374 and 375, of the same work.

The record in the case at bar discloses that judgment was rendered in the lower court November 6, 1895. The motion for a new trial was overruled January 22, 1896, and on the same day appellants prayed an appeal to this court and ninety days in which to file its bill of exceptions. No penalty of a bond was fixed, no surety provided, no time fixed in which to file a bond. The transcript was filed in the clerk's office of the court, January 10, 1897, within three days

of a year of the time the motion for a new trial was overruled, and final judgment rendered.

The requirements of the statute not having been complied with, the appeal in term was not perfected, and will be deemed to be abandoned.

An appeal after term is, according to the decision of the Supreme Court in the recent case of *Tate* v. *Hamlin* (Ind. Sup.), 41 N. E. 356, perfected by filing in the clerk's office of the Supreme Court a transcript with an assignment of errors thereon. The notice is there held not to be essential to the perfecting of the appeal.

The present appeal must be considered as taken after term, and to have been perfected by filing the transcript and assignment of errors within the time allowed by law.

Rule XXXV of this court reads as follows: "Where a cause appealed in vacation has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal."

There has been no general appearance by appellee, and no steps have been taken to bring him into court. The clerk is, therefore, directed to enter an order of dismissal for failure to comply with this rule.