O'Mara, Administratrix, *v.* The Wabash Railroad Company.

---

O'MARA, ADMINISTRATRIX, *v.* THE WABASH RAILROAD COMPANY.

[No. 18,407.   Filed June 10, 1898.]

APPEAL AND ERROR.—*Notice.—Vacation Appeal.*—A notice served on the attorney for appellee in a vacation appeal is not sufficient, under section 652, Burns' R. S. 1894, to give the Supreme Court jurisdiction thereof.   *p. 649.*

STATUTES.—*Amendment.—Vacation Appeals.— Notice.—* The act of 1897 (Acts 1897, p. 277), purporting to amend section 652, Burns' R. S. 1894 (640, R. S. 1881), providing that service of notice upon appellee's attorney of record shall be sufficient in vacation appeals is invalid for the reason that it does not express the subject thereof in its title by reference to the act or the title of the act to be amended.   *649, 650.*

O'Mara, Administratrix, *v.* The Wabash Railroad Company.

APPEAL AND ERROR.—*Notice.*—*Dismissal for Failure to Give Suffi-cient Notice.*—An appeal will be dismissed under rule thirty-six of this court on account of ineffectual notice, where no diligence is shown by appellant to secure proper service after a motion to dismiss for such cause has been filed. *pp. 650, 651.*

From the Tippecanoe Circuit Court. *Appeal dismissed.*

*Lairy & Mahoney* and *McConnell & Jenkins*, for appellant.

*Edwin P. Hammond, Charles B. Stuart* and *William V. Stuart*, for appellee.

HACKNEY, C. J.—This was a vacation appeal. The transcript was filed, and a notice was issued by the clerk of this court and served upon an attorney for the appellee. No other notice was issued, and no other service was had or sought. Under section 652, Burns' R. S. 1894 (640, R. S. 1881), this notice would not be sufficient to give this court jurisdiction of the appellee. *Hazelton* v. *DePriest*, 143 Ind. 368; *Tate* v. *Hamlin*, 149 Ind. 94.

The appellee, in support of its motion to dismiss the appeal, insists that the act of 1897, Acts 1897, p. 277, purporting to amend section 640 above referred to, and providing that service of notice upon the attorneys of record shall be sufficient, is invalid, and subjects the service to the test of section 640, *supra.*

Appellant's learned counsel do not seek to uphold the service under section 640, and make no defense of the act of 1897. That act, by its enacting clause, purports to amend "section 640 of the Revised Statutes of 1881 being an act concerning appeals to the Supreme Court of Indiana." Its title is "An act entitled an act conerning appeals to the Supreme and Appellate Courts of Indiana, and providing what notice shall be necessary, amending section 640 of the Revised Statutes of 1881, being an act concerning civil

procedure and declaring an emergency." The refer-ence, in the title, to section 640 of the Revised Stat-utes, is not sufficient. *Boring* v. *State,* 141 Ind. 640; *Feibleman* v. *State, ex rel.,* 98 Ind. 516. Nor does the title make any reference to the title of the act from which section 640, *supra,* originated. It simply refers to said section as "being an act concerning civil pro-cedure," while said section was never "An act" but was a single section of an act entitled "An act con-cerning proceedings in civil cases." Acts 1881, p. 240. The title of the act of 1897 seems to have been pos-sibly intended to apply to either an original or an amendatory act, but the enacting clause and section so clearly give the act character as an amendatory act that an intention to enact an original statute is not probable. We see no escape from the conclusion that the act does not express the subject thereof in its title by reference to the act or the title of the act to be amended. It is therefore invalid. *Boring* v. *State, supra,* and authorities there cited.

It is insisted on behalf of the appellant that, con-ceding all we have said, the appeal should not be dis-missed, but that an order should be made for service of process. Rule thirty-six of this court provides that "Where a cause appealed in vacation has been on the docket ninety days or more, and there is no appear-ance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the ap-pellee into court, the clerk shall enter an order dis-missing the appeal."

One of the manifest objects of this rule was to re-quire appellants to assume the responsibility of bring-ing the appellee into court promptly and by the

proper notice. An ineffectual notice, from any cause, requires additional steps to be taken by the appellant, and it will not suffice to say that he caused a proper. notice to issue, and if not properly served he may have an indefinite time to procure another notice and service.

Conceding the invalidity of the act under which the service was had, as is done by making no defense of it, some diligence should have been exercised, even if we could avoid the force of said rule. No diligence has been shown, since the filing of appellee's motion to dismiss, to procure other service. The appeal is therefore dismissed.