## DOAK v. ROOT & MCBRIDE COMPANY.

[No. 3,451.   Filed Oct. 23, 1900.   Rehearing denied Jan. 22, 1901.]

APPEAL AND ERROR.—*Rules.*—*Abandonment of Appeal.*—Rule two of this court providing that when notice of an appeal is given below and the transcript is not filed in the clerk's office within sixty days afterward the appeal shall be treated as abandoned, and the subsequent filing of the transcript shall be deemed the taking of an appeal as of the time it is filed is a valid rule, and not repugnant to the statute fixing the time allowed for taking an appeal. *pp. 139-141.*

SAME.—*Dismissal.*—*Notice.*—Where the transcript was filed after such an abandonment of an appeal that had been begun by serving notices below, but within one year after judgment, and there was no appearance by appellee and no steps were taken to serve him with notice within ninety days, the appeal must be dismissed under rule thirty-five. *pp. 141, 142.*

SAME.—*Notice of Appeal.*—*Waiver.*—Service of a notice of an application for a supersedeas and delivery to the appellee of a copy of appellant's brief on the merits three days before filing the transcript did not dispense with the necessity for legal notice of the appeal. *pp. 141, 142.*

From the Vigo Circuit Court.   *Appeal dismissed.*

*R. B. Stimson* and *H. A. Condit,* for appellant.

*G. A. Scott,* for appellee.

Comstock, J.—Appellee appears specially and files its motion to dismiss the appeal. The motion is based upon the following grounds: The notice of appeal was served by appellant on the clerk of the Vigo Circuit Court and on the attorneys of appellee on the 18th day of July, 1899, and the transcript was not filed with the clerk of this court until April 30, 1900, more than sixty days after the service of said notice. (2) The cause was appealed in vacation and there has been no appearance by appellee and since the filing of the transcript more than ninety days have elapsed and the appellant has made no attempt to get appellee into court. We are asked to sustain the motion under rules of this court numbers two and thirty-five. Said rules are in the following language: (2) "When an appeal is taken and notice is given below, the transcript must be filed in the Clerk's office within sixty days from the time of taking such appeal; if the transcript is not so filed, the notice shall be without effect, and the appeal treated as abandoned. The appellant may, however, afterwards, and within the time limited by law, appeal, and in such a case the appeal will be deemed to be taken as of the time the transcript is filed in the Clerk's office, and shall be governed as to notice, submission and the like matters by the rules and practice which govern in ordinary appeals prosecuted under the general statutory provisions." (35) "Where a cause appealed in vacation has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, the Clerk shall enter an order dismissing the appeal."

Counsel for appellant contend that rule two is repugnant to the statute, and that the judgment having been rendered June 12, 1899, the transcript with the assignment of errors indorsed thereon having been filed in this court April 30,

1900, within a year of the rendition of the judgment, the appellant can not be deprived of the right to appeal within the statutory limit by a rule of court. With the transcript appellant filed his brief on the merits of the appeal, a petition and bond for a supersedeas and a copy of the notice to appellee of the application for supersedeas with an acknowledgment of service thereon. Three days prior to the filing of the transcript, he delivered to appellee's attorney a copy of appellant's brief on the merits and served upon said attorney a written notice or petition for a supersedeas. The court granted the supersedeas on April 30, 1900, and the cause was submitted by operation of law and notices of submission issued May 30, 1900. No other steps were taken by either party until August 31, 1900, when appellee appeared specially and made the motion under consideration. It is claimed by appellant that under these facts the appeal was not abandoned, and that there has been a substantial compliance with the rule.

Rule two was considered in *Johnson* v. *Stevenson,* 104 Ind. 368, decided in December, 1885, years before the creation of this court. It was then rule twenty-three of the Supreme Court. In the case named, the Supreme Court say: "Rule twenty-three of this court provides that where an appeal is taken after the term, by notices as provided in the first branch of §640 of the code (which is the same as §556, 2 R. S. 1876, p. 241), the transcript must be filed within sixty days from the time of the service, or the appeal so taken will be deemed to have been abandoned. This rule does not extend the time for filing the transcript beyond the year, nor was it attempted thereby so to extend the time. In the adoption of the rule, the court was not attempting to do what belongs to the legislature. This is all apparent from the rule itself. There would be a possibility, and probability, of evil consequences resulting, if the appealing party might serve notices of an appeal shortly after judgment, and have the whole year in which to perfect the

appeal by filing the transcript. In the long delay the other party might mislay the notice served upon him, and forget that such a notice had been served, and thus the case, as to him, might go by default. It was to prevent such a result, doubtless, that the rule fixes the limit at sixty days. The sixty days thus fixed by the rule is a limitation, and not an extension." Section 1302 Horner 1897, confers express power upon the Supreme Court to make reasonable rules governing procedure before it.

Section fifteen of the act creating this court, approved February 28, 1891, provides that "The Chief Justice of the Supreme Court as soon as may be, shall convene the judges of the Appellate Court and they shall adopt the same uniform rules of practice as govern the Supreme Court." This rule does not shorten the time within which an appeal may be taken. The rule provides that "if the appeal is not perfected by filing the transcript within sixty days after serving notices on the attorneys and the clerk, the party may still perfect his appeal thereafter within the time limited by law." The latter part of the rule provides: "The appellant may, however, afterwards, and within the time limited by law, appeal, and in such a case the appeal will be deemed to be taken as of the time the transcript is filed in the clerk's office, and shall be governed as to notice, submission and the like matters by the rules and practice which govern in ordinary appeals prosecuted under the general statutory provisions."

If the transcript is not filed within sixty days after the giving of the notice, the notice "shall be without effect and the appeal treated as abandoned." The notice of an application for a supersedeas does not take the place of a notice to appeal. At the time of the service of the notice for an application for a supersedeas there was no appeal pending. The notice of the appeal had been given three months before. Appellee had the right to presume that the appeal would be perfected under the rules of the court.

No other notice to appellee has been given. Two methods of giving notice of appeal after the term at which judgment is rendered are given by §652 Burns 1894, §640 Horner 1897. In Elliott's Appellate Procedure, §176 it is said: "If notice below is given the transcript must be filed in the office of the Clerk of the Supreme Court within sixty days from the time of taking such appeal; if not so filed, the appeal will fail. But the failure of an appeal taken upon notice given below will not preclude the appellant from perfecting an appeal by issuing and serving notice as in cases where no notice is given below. It is, however, to be kept in mind that the appeal must, in any event, be perfected within the year, since that is the utmost limit within which an appeal can ordinarily be taken. An appeal attempted to be taken under the law regulating appeals in term may become a valid appeal upon notice although it may be ineffective as a term appeal, but in order that it may become effective as an appeal after term, notice must be issued and served within the year allowed for perfecting appeals. It is essential in cases where notice is issued from the appellate tribunal that the transcript should be filed before the notice issues, and that errors should be assigned." The record shows the failure to comply with either rule two or thirty-five. We refer as pertinent to the questions here involved to *Shaefer* v. *Nelson,* 17 Ind. App. 489; *Farwell* v. *Newman,* 17 Ind. App. 649; *Dougherty* v. *Brown,* 21 Ind. App. 115; *Michigan, etc., Ins. Co.* v. *Frankel,* 151 Ind. 534; *O'Mara* v. *Wabash R. Co.,* 150 Ind. 648; *Cole* v. *Franks,* 147 Ind. 281; *Tate* v. *Hamlin,* 149 Ind. 94. See, also, Ewbank's Manual, §154.

Appeal dismissed.