ASHLEY ET AL. v. HENDERSON.

[No. 4,946.  Filed January 14, 1904.]

APPEAL AND ERROR. — *Term-Time Appeal Perfected in Vacation.* — Where an appeal was prayed and granted during term and the amount of the appeal bond fixed but no time named within which the bond should be filed, the filing and approval of the bond after the close of the term constitutes the appeal a vacation appeal. *pp. 242, 243.*

SAME. — *Notice.* — *Dismissal.* — Where in a vacation appeal the appellants fail for more than ninety days to bring the appellees into court, the appeal will be dismissed under rule thirty-six of the Appellate Court. *p. 243.*

From Superior Court of Marion County (63,541); *Vinson Carter*, Judge.

Action by William E. Henderson against Thomas Ashley and others. From a judgment for plaintiff, defendants appeal. *Appeal dismissed.*

*J. A. Bryant*, for appellants.

*C. B. Clarke, W. C. Clarke, L. D. Hay* and *J. W. Bowlus*, for appellee.

PER CURIAM.—Appellee files motion to dismiss the appeal for various reasons. It is only necessary to consider the following. No notice of the appeal has been served upon the appellee.

To perfect a term-time appeal the following steps must be taken: "(1) An appeal must be prayed during the term at which the judgment was rendered, and it must be granted during that term. (2) The penalty of the bond must be fixed and the surety named during the term at which the judgment was rendered. (3) The bond must be filed during that term and approved by the court, or the court must during that term fix a time within which the bond shall be filed, and it must be filed and approved by the court within the time designated. (4) The transcript must be filed in the office of the Clerk of the Supreme

Court within sixty days after the filing of the bond." Elliott, App. Proc., §246. In the case before us, judgment was rendered at the May term of the lower court, May 16, 1903. May 23, 1903, an appeal was prayed and granted to appellants to the Appellate Court, the appeal bond fixed at $300, but no time named within which the bond should be filed. June 22, 1903, after the close of the May term of said court, a bond was approved. The transcript was filed in this court August 18, 1903.

If the time of the filing of the bond governs, without reference to the date of its approval, the transcript was not filed in time. If the date of the approval of the bond governs, such approval was not within the May term, nor within any time fixed. by the court. The facts therefore fail to show a term-time appeal. It must be held to be an appeal after term. To constitute an appeal after term, while no bond is required, notice to the appellee is indispensable to the effectiveness of the appeal. No notice has been given. Appellants having failed for more than ninety days to take any steps to bring appellees into court, the appeal is dismissed under rule thirty-six of this court. *O'Mara* v. *Wabash R. Co.*, 150 Ind. 648; *Doak* v. *Rool, etc., Co.*, 26 Ind. App. 138; *Holloran* v. *Midland R. Co.*, 129 Ind. 274.