## Moore, Administrator, v. Bankers Surety Company.

[No. 5,491.   Filed February 23, 1905.]

1. **Appeal and Error.—***Decedents' Estates.—Defective Parties.*— Where the administrator of an estate is removed on the application of his surety for a release from his official bond, and takes an appeal therefrom, the estate is not a necessary party to such appeal, and the fact that such appealing party is designated as administrator makes no difference, the object being his individual protection.   p. 635.

2. **Same.—***Administrator's Bond.—Release.—Statute Governing Appeal.*—Where the surety sues to be released from an administrator's official bond, and such administrator fails within the time given by the court to furnish a new bond, and is removed, an appeal by such administrator from such judgment is governed by the civil code. p. 635.

3. **Same.—***Vacation.*—Where an appeal is taken by the administrator of an estate from a judgment removing him from such trust on an

application by his surety to be released from such administrator's official bond and his failure to file a new bond, and such administrator failed to pray an appeal, or to file an appeal bond, as required in term-time appeals, such constitutes a vacation appeal.   p. 635.

4.   APPEAL AND ERROR.—*Vacation.*—*Failure to Give Notice.*—Where a vacation appeal is taken and no notice is given to the adverse party and no steps taken to bring him into court within 90 days after filing such appeal, it will be dismissed.   p. 635.

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Action by the Bankers Surety Company against Jonathan J. Moore as administrator of the estate of Willis E. Moore, deceased, to be released from defendant's official bond.   From a judgment relieving plaintiff and removing defendant from said trust, defendant appeals.   *Dismissed.*

*Ira M. Sharp,* for appellant.
*Charles M. Zion,* for appellee.

ROBINSON, P. J.—Motion to dismiss appeal.   Appellee, November 21, 1903, filed its petition to be released as surety on the bond of appellant as administrator to account for the proceeds of the sale of lands of his decedent.   Notice was given on the same day that the petition would be submitted to the court December 4, 1903.   The notice was served by one D. A. Neas, who made affidavit that he served the notice by reading and by delivering a copy to appellant November 21, 1903.   Afterwards, on June 4, 1904, appellee filed proof of the service of the notice, and appellant "appears specially by Ira M. Sharp, his attorney, to question the jurisdiction of the court over his person."   The matter was submitted to the court, and upon a hearing the court ordered appellant to file a new bond in the sum of $1,200, to the approval of the court, "within five days of this date," or show cause.   The court directed the clerk to issue a certified copy of the order, and the sheriff to serve the same upon appellant.   On June 14, 1904, the sheriff made return to this order, which is not set out; and, appellant failing to appear and file a new bond, the court ordered ap-

pellant to report as to the funds in his hands, and deliver the same into court within ten days from that date, to which order appellant "excepts and objects." Afterwards, on June 24, 1904, appellant submitted a current report as administrator, which report was, on June 27, disapproved and rejected; and it was further adjudged and ordered by the court that appellant be and is removed, and his authority as administrator annulled and revoked, to which appellant excepted. On July 1, 1904, appellant filed a motion for a new trial, which was overruled, and time was given to file bills of exceptions, which were afterwards filed on August 22, 1904. The transcript was filed in this court October 4, 1904.

1. The motion assigns a number of reasons for the dismissal of the appeal. There is no defect of parties to the appeal. The estate of a decedent is not a proper party to an appeal, and the record does not show that any administrator was appointed after the removal of appellant. We think it clear that the appeal is in the interest of appellant alone. It is not material that he is designated as administrator, his object in the appeal is to protect himself, and not the estate. *Case* v. *Nelson* (1899), 22 Ind. App. 22, and cases there cited.

2. This appeal is governed by the civil code, and not by the provisions of §§2609-2612 Burns 1901, §§2454, 2456, 2457 R. S. 1881, Acts 1899, p. 397, concerning the settlement of decedents' estates. In *Case* v. *Nelson, supra,* the court said: "It was not the purpose of the statute to give an appellant acting in his own interest adversely to the trust he nominally represents, a privilege not accorded appellants generally, not acting in such capacity."

3. This is a vacation appeal. The record does not show that any appeal was prayed or appeal bond filed as required by §650 Burns 1901, §638 R. S. 1881, concerning term-time appeals.

4. No attempt has been made to give the notice required

by §652 Burns 1901, §640 R. S. 1881.  Rule thirty-six of this court provides that "where a cause appealed in vacation has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal."  See *Cole* v. *Franks* (1897), 147 Ind. 281; *O'Mara* v. *Wabash R. Co.* (1898), 150 Ind. 648.  We think the above rule controls in the case at bar.

Appeal dismissed.