## CINCINNATI, HAMILTON & DAYTON RAILWAY COMPANY ET AL. *v.* ACREA.

[No. 6,163.   Filed May 16, 1907.]

1.   APPEAL.—*Term-Time.*—*Vacation.*—Where the appellant fails to file an appeal bond within the time allowed by the court, the appeal taken constitutes a vacation appeal.   p. 153.

2.   SAME.—*Bonds.*—*Beneficiaries.*—An appeal bond executed on behalf of one only of several codefendants inures only to the benefit of the one executing same.   p. 153.

3.   SAME.—*Vacation.*—*Notice to Appellee.*—*Dismissal.*—*Appellate Court Rules.*—Where appellant takes a vacation appeal and fails for 90 days thereafter to notify appellee of such appeal, the appellee not appearing, the appeal will be dismissed under rule 36 of the Appellate Court, requiring such notice.   p. 154.

From Marion Circuit Court (14,357) ; *W. W. Thornton,* Judge *pro tem.*

Action by Katherine D. Acrea against the Cincinnati, Hamilton & Dayton Railway Company and another. From a judgment for plaintiff, defendants appeal. On motion to dismiss appeal as to Cincinnati, Hamilton & Dayton Railway Company. *Motion sustained.* (For decision on merits, see — Ind. App. —.)

*Elam, Fesler & Elam,* for appellant Cincinnati, Hamilton & Dayton Railway Company.

*Samuel O. Pickens, Owen Pickens* and *R. F. Davidson,* for appellant Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company.

*Wymond J. Beckett,* for appellee.

COMSTOCK, J.—The appellee appears specially, so far as the appellant Cincinnati, Hamilton & Dayton Railway Company is concerned, for the sole purpose of filing her motion to dismiss the appeal of said company. The motion is based upon the following grounds: (1) That the Appellate Court has no jurisdiction of the appellee; (2) that the appeal of said appellant was a vacation appeal, and the appellee has not received any legal notice of said appeal, and has not entered any appearance in this cause; (3) said appellant attempted to appeal said cause in term, but failed to file any bond within the time allowed by the court, and appellee has received no notice of said vacation appeal, as by law required; that said appeal has been on the docket of this court more than ninety days, and that the appellee has not entered any appearance to said appeal, and said appellant has not taken any steps during said time to bring appellee into this court, and no notice has been issued by the Cincinnati, Hamilton & Dayton Railway Company nor the clerk of this court which has proved ineffectual from any cause as in violation of rule thirty-six of this court. The record discloses that the appellee secured judgment

against both of the appellants in the court below on March 14, 1906. On March 24, 1906, the court overruled the separate motion of each appellant for a new trial. On the same date the court overruled the motion for a new trial asked by the appellant Cincinnati, Hamilton & Dayton Railway Company, and the court allowed each of the parties sixty days in which to file bills of exceptions, and rendered judgment on the verdict for $6,000. On March 28, 1906, the appellants each prayed an appeal, which was granted, and the appeal bond fixed at $7,000, and ten days were allowed by the court for the filing of said bond. On March 31, 1906, appellant. Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company submitted for the approval of the court its bond, which bond was by the court approved. Appellant Cincinnati, Hamilton & Dayton Railway Company has never at any time filed a bond. The bond filed by the appellant Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company is its separate and several bond to secure said judgment so far as it alone is concerned, but the appellant Cincinnati, Hamilton & Dayton Railway Company does not join in the bond. The transcript was filed in this court May 29, 1906. Appellant Cincinnati, Hamilton & Dayton Railway Company has at no time caused notice to be issued by the clerk of the court of said appeal, and said clerk has not issued any such notice to the appellee, and no such notice has ever been served on the appellee. The appellee has not entered any appearance as to the appellant Cincinnati, Hamilton & Dayton Railway Company, nor in any way waived said notice, either by appearing in said cause, or in filing brief, or in any other way. At the time or before said transcript was filed in this court appellant Cincinnati, Hamilton & Dayton Railway Company did not serve notice of said appeal either upon the appellee or upon her attorneys of record, or upon any attorney representing the appellee at any time, nor did appellant Cincinnati, Hamilton & Dayton Railway Company

serve any notice of appeal of this cause upon the clerk of the Marion Circuit Court at any time.

When an appellant fails to file a bond within the time allowed by the court, the appeal will be considered a vacation appeal, and notice must be given as provided by the statute. *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534; *Ex parte Sweeney* (1892), 131 Ind. 81; *Farwell* v. *Newman* (1897), 17 Ind. App. 649; *Ashley* v. *Henderson* (1904), 32 Ind. App. 242.

Where an appeal is taken in term by more than one judgment defendant, and only one files a bond, the appeal as to one filing no bond is a vacation appeal, as the bond does not inure to the benefit of the judgment defendant not filing it. *Goodrich* v. *Strangland* (1900), 155 Ind. 279. In the case last mentioned a judgment was rendered against a number of defendants who were coparties to the judgment. Only one of them filed a bond within the time allowed by the court during the term the judgment was taken. The other coparties contended that the filing of the bond by one of the coparties inured to the benefit of all and effected a term-time appeal. The Supreme Court in holding otherwise, say: ''In answer to the objection that all of the persons against whom the judgment was rendered are not joined as appellants, it is said by counsel that this was a term-time appeal, and that the omission of the names was expressly authorized by the act of 1895 (Acts 1895, p. 179, §647a Burns 1901). Ewbank's Manual, §126, note 1. This statement is not borne out by the record. Silas Goodrich, one of the remonstrants, took an appeal in term, and filed an appeal bond as required by the court. But the condition of the bond was that Goodrich would prosecute the appeal, and pay the judgment and costs which might be rendered, or affirmed against him. This bond did not, either in terms or in legal effect, inure to the benefit of the other judgment defendants. The filing of an appeal bond is an essential step in perfecting a term-time appeal. §650 Burns

1894; *McKinney* v. *Hartman* (1896), 143 Ind. 224; Ewbank's Manual, §9. As the appellants, other than Goodrich, filed no bond, the appeal as to them was a vacation appeal.''

This decision seems to apply very directly to the question before us. Rule thirty-six of this court reads as follows:

> ''Where a cause appealed in vacation has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of said ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal.''

It has been held in several cases, under this rule, that, where the appellee has not been served with notice in compliance therewith, the appeal will be dismissed. *Farwell* v. *Newman, supra; Doak* v. *Root, etc., Co.* (1901), 26 Ind. App. 138; *Moore* v. *Bankers Surety Co.* (1905), 34 Ind. App. 633.

It is the claim of appellant Cincinnati, Hamilton & Dayton Railway Company, in answer to the motion to dismiss, that it is in precisely the same position that it would have occupied if it had joined in the term-time appeal. In other words, if there is a term-time appeal by one party to the judgment, it is a term-time appeal as to all. Other appellants, however, it is claimed, must assign errors within one year from the date of the final judgment, which has been done in this case by appellant Cincinnati, Hamilton & Dayton Railway Company, and inasmuch as it has filed its brief within the time required by law and the rules of the court, it is not in default in any way. It is contended too that the record shows a term-time appeal as to both defendants; that this is manifest for the reason that the judgment is a joint judgment of which the judgment plaintiff can have but one satisfaction; that the obligations of the appeal bond being discharged, the judgment plaintiff is paid; that this fact brings the case within the act approved March 9, 1895 (Acts

1895, p. 179, §647a Burns 1901) ; that that statute provides that where one of several coparties, against whom a judgment has been rendered, perfects a term-time appeal, all parties to the judgment shall be bound by the judgment rendered on appeal, to the same extent as if they had been made parties thereto. Then follows this provision: "After any such appeal has been perfected, any coparty not joining therein may, at any time, while such appeal is pending, and within one year from the date of the final judgment, assign errors for himself upon the record and have all questions, properly presented, decided by the court, and he shall have all the rights in relation to such appeal, that he would have had if he had joined in the appeal originally." *Smith* v. *Wells Mfg. Co.* (1896), 144 Ind. 266, and *Baltes Land, etc., Co.* v. *Sutton* (1903), 32 Ind. App. 14, are cited. In the first-named case the court say that the act of 1895, *supra*, authorizes any such coparty, while such appeal is pending, within one year from the date of the judgment, to assign errors for himself upon the record, and have all the rights in relation to such appeal that he would have had if he had joined in the appeal originally. In the case of *Baltes Land, etc., Co.* v. *Sutton, supra*, the court said, in referring to §647a Burns 1901, Acts 1895, p. 179: "This statute also gives any coparty not joining all the rights, within the year, in relation to the appeal that he would have had if he had joined in the appeal originally." It does not say that he would not have been required to file his bond within the time allowed by the court, nor that if he had taken an appeal after term he would not have been required to give the appellee notice as required by the statute. Neither of these cases hold that a term-time appeal can be effected without filing a bond within the time allowed by the court, nor that, if taken after term, notice need not be given as required by statute.

It is apparent from the record that the appellant did not effect a term-time appeal. It was therefore incumbent upon

appellant to give notice as the statute provides. The case of *Ashley* v. *Henderson, supra,* enumerates the steps which must be taken in order to perfect a term-time appeal: (1) An appeal must be prayed during the term at which the judgment was rendered, and must be granted during that ·term; (2) the penalty of the bond must be fixed and the surety named during the term at which the judgment was rendered; (3) the bond must be filed during that term and approved by the court, or the court must, during that term, fix a time within which the bond shall be filed, and it must be filed and approved by the court within the time designated; (4) the transcript must be filed in the office of the clerk of the Supreme Court within sixty days after the filing of the bond. The filing of the bond within the time fixed is mandatory. *Farwell* v. *Newman, supra.*

The obligation of the appeal bond is good only for any judgment which may be affirmed against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. The motion to dismiss the appeal as to the Cincinnati, Hamilton & Dayton Railway Company is sustained.