## SOHL ET AL. *v.* EVANS ET AL.

[No. 3,883. Filed December 12, 1901. Motion to reinstate denied June 26, 1902. Transfer denied October 16, 1902.]

APPEAL AND ERROR.—*Notice to Coparties.— Vacation Appeal.—* The statutory requirements, §647 Burns 1901, that in a vacation appeal by a part of several coparties, written notice thereof shall be served upon all other coparties, or their attorneys of record, and proof thereof filed with the Clerk of the Appellate Court, is jurisdictional and imperative. *pp. 636, 637,*

Sohl v. Evans.

APPEAL.—*Death of Coparty.*—*Notice of Appeal.*—*Vacation Appeal.*—Under §648 Burns 1901, providing that in case of the death of any or all of the parties to a judgment before an appeal is taken, notice of appeal may be served upon the person against whom the action might have been revived if death had occurred before judgment, notice must be served upon the personal representatives, not the heirs. *pp. 637, 638.*

From Hamilton Circuit Court; *J. A. Roberts*, Judge.

Action by James L. Evans and another against Aaron Sohl and others for money had and received, and in attachment and garnishment. From a judgment for plaintiffs, Aaron Sohl appeals. *Appeal dismissed.*

*T. J. Kane, R. K. Kane, T. E. Kane, B. K. Elliott, W. F. Elliott* and *F. L. Littleton*, for appellant.
*George Shirts, W. R. Fertig, C. N. Gentry, F. E. Gavin, T. P. Davis* and *J. L. Gavin*, for appellees.

BLACK, J. — James L. Evans and Aaron D. Booth brought their action against Aaron Sohl and a number of other persons, all of whom, except one J. E. Eubanks, are appellants; the complaint showing a cause of action in favor of the plaintiffs against said Aaron Sohl for money had and received by him for the use of the plaintiffs, which he converted to his own use, in the sum of $3,000; the complaint being accompanied by an affidavit in attachment and in garnishment against the other defendants, and by an undertaking in attachment. Afterward James L. Evans, and later Herbert H. Stephenson and John C. Stephenson, became underfiling claimants against the same parties in the same cause. Thereafter such proceedings were had that the court made a special finding of facts, with conclusions of law, and rendered judgment against Aaron Sohl in favor of James L. Evans and Aaron D. Booth for $187.40, in favor of James L. Evans for $5,010, and in favor of Herbert H. Stephenson and John C. Stephenson for $32.70; also sustaining the proceedings of the original plaintiffs and the underfiling plaintiffs in at-

tachment and garnishment; adjudging that they recover of the garnishee defendants the several amounts found against them, the amount so adjudged against each garnishee being set out; among the items being one as follows: "Of and from the defendants J. E. Eubanks and Marion Eubanks $288.20." It was further adjudged that the several garnishees pay to the clerk, and, in default thereof, that execution might issue on order of the plaintiffs or underfiling plaintiffs to the sheriff, to be levied and collected of the property of the several garnishees,—the proceeds to be paid by the sheriff to the clerk,—and that the sums so recovered from the garnishees be applied to the several judgments and costs herein recovered by the plaintiffs and underfiling plaintiffs, in proportion to the amounts of the several judgments, etc.

Aaron Sohl alone assigns error. In the caption of each of the four separate assignments the plaintiffs and the underfiling plaintiffs are named as the appellees, and Aaron Sohl and the garnishees are named as the appellants, except that instead of the name of the defendant J. E. Eubanks, which is omitted, there are inserted the names of eight persons not parties, who in the assignment of errors are called the only heirs of J. E. Eubanks, deceased. In the transcript on appeal, immediately before the clerk's final certificate, is a transcript of a petition of Aaron Sohl, and of proceedings thereunder in the court below, purporting to substitute as defendants these eight persons as heirs of J. E. Eubanks, deceased, said to have died after judgment. The appeal was taken in vacation. Proofs of service of notice of the appeal by Aaron Sohl upon the persons so joined as his co-appellants in the assignment of errors are attached to the transcript. Counsel for appellees direct attention to these peculiarities of the case, and insist that the appeal should be dismissed.

The statute authorizes an appeal by a part of several coparties, requiring, however, if it be a vacation appeal,

ing thereto. While the terms in question originally were used, for the most part, at least, with regard to the governmental authority or agency by which the roads were laid out, yet we think the words "any state, county, or township highway" in this statute, may be regarded as used to designate and comprehend all roads open to the public, owned by the State as the ultimate proprietor, for use as highways, maintained at public expense, subject to legislative control, and under the protection and management of governmental agencies, as local subdivisions such as counties, townships, or road districts, and to distinguish such highways from others owned by private corporations, and maintained at private expense, as toll roads owned by turnpike or gravel road companies.

"No matter whether it is established by prescription, or by dedication, or under the right of eminent domain, it is a highway if there is a general right to use it for travel." Elliott on Roads and Sts. (2d ed.), §3. A road used continuously by the public for twenty years becomes a public highway. *Hart* v. *Trustees, etc.,* 15 Ind. 226. The establishment of a highway by dedication, express or implied, and the establishment of a highway by prescription, are alike irrevocable as against the public, though differing as to the character of the evidence by which they severally may be proved. See *Town of Marion* v. *Skillman,* 127 Ind. 130, 11 L. R. A. 55; Elliott on Roads and Sts. (2d ed.), §159. A public highway, however established, can not be changed by the landowner at his own will. *Holcraft* v. *King,* 25 Ind. 352. When there has been twenty years' use of a way as a public highway, the way is to be deemed to be such, and those asserting rights in it are not bound to show an original intention to dedicate. *Ross* v. *Thompson,* 78 Ind. 90, 98; *Louisville, etc., R. Co.* v. *Etzler* 3 Ind. App. 562; Elliott on Roads and Sts. (2d ed.), §159. It is said in Elliott on Roads and Sts. (2d ed.), §170: "Where the use of the way has continued for the period prescribed by

statute, or for the period designated by the common law authorities as from a time immemorial, there exists a right by prescription, founded, as Chief Justice Shaw says, upon the presumption that the way was 'at some anterior period laid out and established by competent authority.' * * * If it be held, as upon principle and authority it may well be, that after the lapse of the statutory period the law will presume that the road or street was laid out and opened by competent authority," etc. Again in §172 of the same valuable work it is said: "Prescription refers the right to the highway to the presumption that it was originally established pursuant to law by the proper authority, while dedication refers it to a contract express or implied." See, with reference to the applicability of the statute (§6762, supra,) to cities and towns, Pittsburgh, etc., R. Co. v. Town of Crown Point, 150 Ind. 536.

Section 6762 Burns 1901 contemplates two classes of roads: (1) Such roads used as highways as shall have been laid out, but not sufficiently described; and (2) such as have been used for twenty years, but not recorded. State v. Schultz, 57 Ind. 19. In that case it was said: "While the right of the public to use land as a highway may be acquired by less than twenty years' use, still the board of commissioners are not authorized to cause a road, used but not recorded, to be ascertained, described, and entered of record, unless it has been used for twenty years." See, also, Campbell v. O'Brien, 75 Ind. 222; McKeen v. Porter, 134 Ind. 483. "Under this statute, it is the twenty years' use that makes the road a public highway, and it is immaterial whether the use is with the consent, or over the objections, of the adjoining landowners." Strong v. Makeever, 102 Ind. 578, 584. In the case last named the court in argument said of a certain proceeding to change a public highway: "The highway sought to be changed may be one established by use, where the width is determined by the way actually used." In Washington Ice Co. v. Lay, 103

that they serve written notice of the appeal upon all other coparties or their attorneys of record, and file proof thereof with the Clerk of the Appellate Court. §647 Burns 1901, §635 Horner 1901. The statute also provides that, in case of the death of any or all the parties to a judgment before an appeal is taken, an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor or against whom the action might have been revived if death had occurred before judgment. §648 Burns 1901, §636 Horner 1901. Where a vacation appeal is taken by a part of several coparties, the statutory requirement of service of notice of the appeal upon all the other coparties is jurisdictional and therefore imperative. It was for a time regarded and treated as a technical requirement which might be waived, but that view has been discarded. *Holloran* v. *Midland R. Co.*, 129 Ind. 274; *Hutts* v. *Martin*, 131 Ind. 1, 31 Am. St. 412; *Gregory* v. *Smith*, 139 Ind. 48; *Benbow* v. *Garrard*, 139 Ind. 571; *Vordermark* v. *Wilkinson*, 142 Ind. 142; *Lee* v. *Mozingo*, 143 Ind. 667; *Shuman* v. *Collis*, 144 Ind. 333; *Midland R. Co.* v. *St. Clair*, 144 Ind. 363; *Lowe* v. *Turpie*, 147 Ind. 652, 37 L. R. A. 233; *Abshire* v. *Williamson*, 149 Ind. 248; *Crist* v. *Wayne, etc., Assn.*, 151 Ind. 245; *Michigan, etc., Ins. Co.* v. *Frankel*, 151 Ind. 134; *Walsh* v. *Brockway*, 13 Ind. App. 70; Elliotts' App. Proc., §145; Ewbank's Manual, Chap. 12 and 13. In *Abshire* v. *Williamson, supra*, it is said, that before any court will proceed to adjudicate upon the subject-matter, it must first acquire jurisdiction over all the parties whose rights or interests will be necessarily affected by its judgment. See, also, *Michigan, etc., Ins. Co.* v. *Frankel, supra*.

If the judgment of the appellate tribunal will materially affect the rights of persons who were parties in the lower court, they should be made parties on appeal and should be notified; and whenever the presence of parties is essential to a complete adjudication, the question is jurisdictional,

and the appeal can not be entertained unless such parties are notified as required by the statute. Elliotts' App. Proc., §§140, 144. The garnishees, against whom it was adjudged that they should pay specified sums for the satisfaction of the claims of the appellees against Aaron Sohl, are materially interested in the success or failure of the appeal of Aaron Sohl. If there was no judgment against him, there could not properly be any recovery in favor of the appellees against the garnishees. *Emery* v. *Royal,* 117 Ind. 299. The entire judgment based on the conclusions of law, which are assigned as errors, is attacked on appeal. Counsel for the appellant Aaron Sohl took this view of the matter, and named the coparties, except one, deceased, in whose stead they named his heirs as appellants in the assignment of errors, and served notice of the appeal upon all so named.

The judgment against the garnishee was a personal judgment for money only, and had no relation to the title to real estate. See Ewbank's Manual, §§145, 166. If this garnishee had died before judgment, while the cause was still pending in the court below, the action as against him could not have been revived against his heirs. After his death the judgment would be a claim to be discharged by his personal representative. The proceeding set forth in the transcript, above noticed, purporting to substitute the heirs as defendants, could not avail against the requirement of the statute relating to the death of a party to a judgment before an appeal is taken.

Appeal dismissed.