## ROSE v. OWEN.

[No. 5,992.   Filed January 12, 1906.]

APPEAL AND ERROR.—*Vacation Appeal.—Service of Notice on Appellee's Attorney.—Sufficiency.*—Notice of a vacation appeal served upon appellee's attorney of record is sufficient unless appellant has received notice, prior to such service of notice, that such attorney has been discharged by appellee.

From White Circuit Court; *John H. Gould,* Judge.

Action by Hiram E. Rose against William D. Owen. From a judgment for defendant plaintiff appeals. Motion by appellant for an order for publication. *Motion denied.*

*Reynolds, Sills & Reynolds, George H. Custer* and *W. H. Latta,* for appellant.

*McConnell, Jenkines, Jenkines & Stuart,* for appellee.

Robinson, J.—Appellant's verified motion asks an order to publish notice to appellee of the pendency of this appeal. The motion states that at the trial appellee was represented by attorneys; that since the trial appellee has removed to parts unknown to appellant, and that whether he has acquired a residence in any place other than Cass county appellant is unable to state; that the attorneys who represented appellee in the trial court have been served with notice of the appeal. Facts are also set out in the motion tending to show that the attorneys representing appellee in the trial court may have been discharged, and that appellee may deny the authority of such attorneys to receive notice, and for these reasons it is asked that publication be ordered.

The record shows that judgment was rendered December 22, 1904. On December 13, 1905, appellant served notice in writing on the clerk below, and on the attorney of record for appellee in that court, that appellant appealed from the judgment to the Supreme Court. The transcript was filed in that court December 19, 1905. As the record shows that there has been a substantial compliance with the requirements of §652 Burns 1901, §640 R. S. 1881, concerning notice of an appeal after term, there is no necessity for an order for publication as provided by §663 Burns 1901, §651 R. S. 1881. Service by publication is ordered only in cases where it is made to appear that the appellee is a nonresident, and that notice of the appeal can not be served upon the attorney of record in the court below. The

attorney who appeared of record in the court below, so far as notice under §652, *supra,* is concerned, is presumed to continue as such attorney until the party proposing to appeal has notice of the termination of the relation of attorney and client. Even though appellee may have discharged his attorney after the rendition of the judgment and before the appeal, the service of notice upon the attorney is as good as upon appellee himself, in the absence of a showing that appellant had notice of such discharge. *Richardson* v. *Pate* (1884), 93 Ind. 423, 429, 47 Am. Rep. 374. The notice of the appeal was served by the sheriff by reading the same to the attorney of record without any denial upon the attorney's part that he was authorized to receive the notice, nor is any showing whatever made that at the time the notice of the appeal was served upon the attorney of record in the trial court the relation of attorney and client between him and appellee had ceased to exist. See *Shaefer* v. *Nelson* (1897), 17 Ind. App. 489; *Dougherty* v. *Brown* (1898), 21 Ind. App. 115; *Tate* v. *Hamlin* (1895), 149 Ind. 94.

Order denied.