## HELBERG *v.* DOVENMUEHLE.

[No. 5,720. Filed February 23, 1906.]

1. APPEAL AND ERROR.—*Vacation Appeal.—Parties.*—Appellant, in a vacation appeal, must make all coparties parties to the appeal and name them in the assignment of errors. p. 379.

2. SAME. — *Precipe. — Part of Record.—Presumptions.*—Where appellant in his precipe called for only that part of the record which affected one of several defendants, there is no presumption that such others were not properly before the court and affected by the proceedings. p. 380.

From Lake Circuit Court; *J. Frank Meeker,* Special Judge.

Suit by Henry C. Dovenmuehle against George H. Helberg and others. From a decree for plaintiff, defendant Helberg appeals. *Appeal dismissed.*

*John O. Bowers,* for appellant.

*Harvey, Pickens, Cox & Kahn, Albert N. & E. P. Eastman* and *Frank White,* for appellee.

BLACK, P. J.—The appellee has moved to dismiss the appeal. Suit was brought by the appellee alone against George H. Helberg, the appellant, and five other defendants, named in the title of the cause as "First National Bank of Hammond, Indiana, John Lienen, Peter Covert, Anna Covert, his wife, Fidelity Building & Savings Union No. 2, Marion county, Indiana." The complaint contains

two paragraphs, the first being upon a promissory note made by the appellant, payable to the order of the appellee, and a mortgage upon real estate executed by the maker of the note to the payee, to secure the payment thereof. In this paragraph of complaint it was alleged that the appellee "is informed that the defendants First National Bank of Hammond, Fidelity Building Loan & Savings Association No. 2, Marion county, Indiana, John Lienen, Peter W. Covert and Anna Covert claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interests and liens, if any, are subsequent and subject to the lien of the plaintiff's said mortgage." In the first paragraph judgment was prayed for a certain sum, for the foreclosure of the mortgage and the sale of the real estate to satisfy the appellee's claim and costs, "and that all the defendants and all persons claiming under them subsequently to the commencement of this suit be barred and foreclosed of all right, claim and equity of redemption in said premises," etc., and for judgment over against the appellant, etc. The second paragraph of complaint need not be specially noticed, inasmuch as judgment was rendered against the appellee upon the first paragraph. "The defendant John Trinen" and "the defendants Peter W. Covert and Anna Covert, his wife," filed disclaimers. The appellant separately filed answers and the appellee replied thereto. Upon the trial the court found for the appellee upon his first paragraph of complaint, that there was due him from the appellant on the note and mortgage sued on therein a specified sum with costs, and that this mortgage "should be foreclosed against each and all of the defendants in this action," etc. The court adjudged that the appellee recover of the appellant under the first paragraph of complaint a certain sum and costs, and that the mortgage in the first paragraph set forth be "foreclosed against all the defendants in this action," etc.

This appeal was taken after the term, by notices from the appellant alone, served upon the clerk of the court below and upon the appellee. In the assignment of errors Henry C. Dovenmuehle is named as the appellee, and George H. Helberg is named as the appellant, by whom alone the alleged errors are assigned. No notice of the appeal appears to have been given by the appellant to his codefendants or to any of them.

A part of several coparties may appeal to the Supreme Court or to this Court, but if it be a vacation appeal, as is this case, the party or parties so appealing must

1. serve a written notice of the appeal upon all the other coparties or their attorneys of record, and file proof thereof with the clerk of the court to which the appeal is taken. Under certain circumstances, not appearing to be here involved, the notice may be given by publication. After such notice, unless the parties notified appear and decline to join in the appeal, they must be regarded as properly joined. If they decline to join, their names may be struck out on motion, and they can not take an appeal afterward. See §§647, 647a Burns 1901, Acts 1899, p. 5, Acts 1895, p. 179, §1. The appellant in the assignment of errors must name all who are affected by the judgment from which the appeal is taken. *Gourley* v. *Embree* (1894), 137 Ind. 82; Rule six of this Court; Ewbank's Manual, §126; *Brown* v. *Trexler* (1892), 132 Ind. 106; *Hutts* v. *Martin* (1895), 141 Ind. 701; *Garside* v. *Wolf* (1893), 135 Ind. 42. All the parties affected by the judgment must be before this court. It is claimed that there was no judgment against any party but the appellant. The judgment of foreclosure, however, was against all the defendants, and only one of them is before this court. Omitting those who filed disclaimers, there still remain other defendants who are affected by the judgment.

The statute of 1903 (Acts 1903, p. 340, §7, §641g Burns 1905) provides that any party or person desiring

a transcript of the record of any cause or proceed-
2.  ing or any part thereof, for appeal, may file with
the clerk a written precipe therefor. "If such
party or person desire a transcript of the entire record, it
shall be sufficient to so state in the precipe; if a complete
transcript be not desired, then such party or person shall
indicate in the precipe the parts of the record desired.
*  *  *  Such precipe shall constitute a part of the
record, and in obedience thereto the clerk shall include in
the transcript every paper and entry in the cause thereby
requested to be included, and every paper and entry by
this act declared to be a part of the record shall be con-
sidered by the Supreme Court or the Appellate Court on
appeal, when so included in the transcript, the same as
though the matter had been made a part of the record by
a bill of exceptions. The precipes shall be copied in the
transcript immediately before the certificate of the clerk,"
etc.

In the precipe filed by the appellant in this case, it was
not stated that he desired a transcript of the entire record.
The cause was entitled as in the complaint, except that
among the names of the defendants the name of "John
Trinen" was inserted instead of the name "John Lienen,"
as in one of the disclaimers; and in the body of the precipe
the appellant indicated particular parts of the record of
which he directed the clerk to prepare and certify a tran-
script. The clerk's certificate conforms to the precipe,
and the transcript is made to comply therewith. The
precipe contains no reference to any summons or to an
entry of any default, or to any answer except as above
stated, and the transcript does not show whether any sum-
mons was issued or served, or whether any default was
taken and entered, or whether there was any other answer
or answers than those above mentioned. The portions of
the record specified in the precipe, and contained in the
transcript in compliance therewith, are before us, but we

can not assume that there was no summons duly served, or that there was no default, or that there was no answer on the part of any defendant except as shown in the transcript made under and in compliance with a precipe calling for only certain other particular parts of the record.

It can not be said with confidence that no defendant against whom the judgment was rendered, except the appellant, is affected thereby. There can be but one appeal from the judgment, and the party taking it must bring before this court all the parties to the judgment, whose interests would be affected by the decision upon appeal.

The appeal is dismissed.