## NATIONAL SURETY COMPANY *v.* BUTTON.

[No. 6,595. Filed January 29, 1908. Rehearing denied February 21, 1908.]

1. APPEAL.—*Parties.*—*Vacation.*—In a vacation appeal, the appellant must make his coparties appellants. p. 303.

2. SAME.—*Parties.*—*Notice.*—*Vacation.*—*Jurisdiction.*—A party taking a vacation appeal may serve notice thereof upon his coparties or their attorneys of record, and file the proof of such service with the court on appeal, notice being necessary to jurisdiction. p. 304.

3. SAME.—*Parties.*—*Notice.*—*Filing of, in Trial Court.*—The filing of the service of notice on coparties, in a vacation appeal, in the trial court and the certifying of same in the transcript on appeal, gives the court, on appeal, no jurisdiction, such procedure being wholly unauthorized. p. 304.

4. SAME.—*Parties.*—*Notice.*—In a vacation appeal a notice served upon the coparties' attorneys, who were not attorneys of record, is insufficient. p. 305.

5. SAME.—*Trial Court Record.*—*Notice of Appeal.*—*Statutes.*—Section 663 Burns 1908, Acts 1903, p. 338, §3, providing that all motions or pleadings filed shall be a part of the record without a bill of exceptions, applies only to such pleadings and motions properly filed in the trial court, and does not apply to a notice of appeal to coparties, which should be filed only with the court on appeal. p. 305.

6. SAME.—*Final Judgment.*—*Complaint.*—*Cross-Complaint.*—*Notice to Coparties.*—*Appearance.*—Where plaintiff filed an action against defendants and took a judgment against all of them on December 8, from which one defendant prayed an appeal, and such defendant, in such action, filed a cross-complaint against his codefendants and others, but did not make the plaintiff a party thereto, a decree thereon being entered in such defendant's favor on March 23 following, the judgment on the complaint was final as to plaintiff, and notice to coparties of an appeal therefrom must be filed within the year, an appearance entered afterwards being unavailing. p. 306.

7. SAME.—*Parties.*—*Judgment Defendants.*—Where a joint judgment is rendered against three defendants—two upon default, and one upon trial—the defaulting defendants must be notified by the other defendant who desires to take a vacation appeal. p. 307.

8. SAME.—*Right of, by Defaulting Defendants.*—Defendants who suffered judgment by default, have the right to take an appeal from the judgment rendered. p. 307.

9. APPEAL.—*Jurisdiction.—Waiver.*—Where the court, on appeal, has no jurisdiction, the failure of appellee to move to dismiss the appeal, or his filing of a brief upon the merits, is no bar to the dismissal of such appeal. p. 307.

From Superior Court of Marion County (67,765) ; *Vinson Carter,* Judge.

Action by Canada Button against the National Surety Company and others. From a judgment for plaintiff, defendant company appeals. *Appeal dismissed.*

*Taylor, Woods & Willson,* for appellant.

*George H. Batchelor* and *Samuel Ashby,* for appellee.

COMSTOCK, J.—Appellee, plaintiff below, began this action September 17, 1904, upon a building contractor's bond, executed by Thomas J. Morse and Robert P. Morse, partners, doing business under the name and style of T. J. Morse & Son, as principals, and appellant National Surety Company as surety. The National Surety Company answered said complaint, setting up its discharge from the obligations of the bond by reason of the facts in said answer alleged. A reply in the nature of an estoppel was filed by appellee. Defendants Morse and Morse were defaulted. A trial was had, special findings made, conclusions of law stated, judgment rendered thereon on December 8, 1906, in favor of appellee and against all of the defendants to said complaint jointly, in the sum of $612.21, and it was adjudged that execution be first levied upon the property of said Morse and Morse, and their property subject to execution be first exhausted before levying upon the property of said surety company.

From this judgment an appeal was prayed and granted on December 30, 1906, upon appellant's filing an appeal bond within thirty days, to the approval of the court. Prior to the trial of said cause, to wit, on December 23, 1905, said National Surety Company filed in said cause a cross-complaint, making defendants thereto its codefendants, Thomas J. Morse and Robert P. Morse, and in addition Mary E.

Morse and George Mull, and alleging the execution of the bond in suit; that its codefendant Thomas J. Morse had collected the amount due upon his contract with appellee and caused his property to be conveyed through said Mull to said Mary E. Morse, with intent to defraud his creditors and especially the cross-complainant; and praying that said transfer be set aside, and whatever judgment might be obtained in favor of Button be levied first upon the property of Thomas J. Morse. Appellee was not made a party to said cross-complaint. The issues were joined on said cross-complaint, trial had February 7, 1907, and a decree entered on March 23, 1907, setting aside said conveyance and providing for the application of the proceeds of the sale thereof. It thus appears that all the proceedings under the cross-complaint, except the filing thereof, including the decree entered, were had subsequently to the rendition of the judgment in favor of appellee, and subsequently to the prayer for an appeal from the judgment in favor of appellee.

Appellee moves to dismiss the appeal for two reasons: (1) Because appellant National Surety Company has failed to serve notice of said appeal upon its coparties in the manner and form as by statute provided; (2) because said appellant has blended and joined in a single transcript and record two independent and distinct judgments rendered in separate and distinct proceedings in one appeal. Said National Surety Company has filed its transcript and its separate assignment of errors as a vacation appeal.

The right of a part of several coparties to appeal from a joint judgment is given by §674 Burns 1908, §635 R. S. 1881. They may serve written notice of the appeal upon all the other coparties or their attorneys of record, and file proof thereof with the clerk of such court, etc. It was necessary, in order to appeal in the case before us, that the National Surety Company make its two coparties appellants. *Brown* v. *Sullivan* (1902), 158 Ind. 224.

It was also necessary that they serve upon the coparties, or their attorneys of record, the notice and proof of filing thereof, with the clerk of the court, as required by said section of the statute. Ewbank's Manual, §161; *Sohl* v. *Evans* (1902), 29 Ind. App. 634, and cases cited; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534. Where such notice is not given the appeal will be dismissed. *Wilkinson* v. *Vordermark* (1904), 32 Ind. App. 633; *Brown* v. *Sullivan, supra;* Ewbank's Manual, §161. The serving of the notice and filing of the proof are essential to the jurisdiction of the Appellate Court. In the case before us no notice or proof of the serving of said notice is on file in the office of the clerk of the court, so that there is no fact before this court to show that such notice has been given.

There is embodied in the transcript proceedings, both in the præcipe and the certificate of the clerk of the circuit court, a copy of a notice and acknowledgment of service thereof to appellant's coparties. The transcript shows that the original notice and the proof of its service was filed in the office of the clerk of said Marion Circuit Court and a copy certified to this court as part of the record. But there is no authority for filing such notice and proof of same in the lower court, and no authority for certifying it by the clerk as a part of the transcript. It is not, therefore, a part of the record, and is not before this court. It is also insisted in behalf of appellee that not only was no notice to Morse and Morse and the proof of service thereof filed with the clerk of the court, as required by the statute, but that no notice whatever has been given them.

The notice incorporated in the bill of exceptions purports to have been acknowledged by Edenharter and Mull, attorneys of record for Thomas J. Morse, Robert P. Morse, Mary E. Morse and George Mull. As heretofore stated, Morse and Morse did not appear to appellee's complaint in person or by attorneys. They had no attor-

neys of record in the cause. Edenharter and Mull did not appear for said Mull in the proceedings under the complaint. The transcript shows appearance by counsel and the filing of an answer to the cross-complaint, on behalf of Morse and Morse, February 7, 1907, sixty days after judgment had been rendered upon the complaint. Said answer is not on file, and there is nothing in the order-book entry to identify counsel. This state of facts does not affect the requirement of the statute as to filing notice in the Appellate Court, but it shows a lack of evidence that there was notice served on any proper person.

In behalf of appellant it is argued that notice to the coparties and proof of service thereof, filed in the court below, comes within section three of the act of 1903 (Acts 1903, p. 338, §663 Burns 1908), and is therefore a part of the record. Said section reads as follows: "Every pleading, motion in writing, report, deposition or other paper, filed or offered to be filed, in any cause or proceeding, whether received by the court, refused or stricken out, shall be a part of the record from the time of such filing or offer to file." It is further contended that whether it is a part of the record or not, it is proof of service sufficient under the statute, and is properly before the court. The act of 1903, *supra,* can only reasonably be held to relate to papers which are properly to be filed in the lower court, and certainly not to those which the statute especially requires to be filed in the Appellate Court. If it is not a part of the record, and we so hold, it is not proof of notice.

It is also the claim of appellant National Surety Company that the final judgment, from which the appeal was taken, was from the decree resulting from the proceedings under the cross-complaint, and that within a year from that day, Thomas J. Morse and Robert P. Morse appeared in this cause and declined to join in the appeal, and that their appearance and submitting to the jurisdic-

tion of the court is a waiver of process and is sufficient; citing *Pritchett* v. *McGaughey* (1898), 151 Ind. 638, in which case, at the same time the appeal was filed in the Supreme Court, there was also filed by the judgment defendant his declination to join in the appeal and his waiver of notice of such appeal. Such waiver, however, must be within the year for an appeal. 2 Thornton's Civil Code, §440, n. 3, §447, n. 12; *Dougherty* v. *Brown* (1898), 21 Ind. App. 115; *Holloran* v. *Midland R. Co.* (1891), 129 Ind. 274. Said appearance was on December 31, 1907, so that if the appeal is not from the judgment on the complaint, the motion to dismiss should be overruled; if it is, the appearance is too late. The judgment rendered December 8 upon the complaint was a final judgment.

Appellant prayed, and was granted, an appeal therefrom. The cross-complaint did not ask for a trial of the question of suretyship; but if it had it would have been a new proceeding, not to be tried upon the original summons, and would not affect the proceedings of the plaintiff. Appellee was not a party to the cross-complaint. ''The assignment of errors is explicit and does not relate to the decree on the cross-complaint. On the contrary, it affirmatively shows that each of the errors is based upon the proceedings on the complaint, and the appeal relates to that judgment. If the proceedings and decree on the cross-complaint are not a necessary part of the transcript, then it is mere surplusage, and can do no harm.'' The foregoing is from appellant's brief. It is, in effect, an admission that the appeal is from the joint judgment on the complaint, so that no question is presented upon the decree on the cross-complaint, and that if the appeal is from the decree it should be dismissed. If upon the final judgment upon the complaint, it must be dismissed for want of notice to coparties.

Appellant National Surety Company contends that its co-defendants Morse and Morse are not necessary parties, be-

cause their interests will not be materially affected 7. by the judgment of this court; that the Morses and the National Surety Company are not equally liable, but the Morses are primarily, and the National Surety Company secondarily, liable as surety. The judgment is joint against Thomas J. Morse, Robert P. Morse and the National Surety Company, but one execution issues on this judgment against all of the defendants jointly. By virtue of the judgment, it is levied first upon the property of Morse and Morse, but if sufficient property is not found to satisfy it, then it is levied, at once and before return, upon the property of appellant.

Morse and Morse had a right to appeal, notwithstanding their default. A party appealing must join others who have a right to appeal from the same judgment. The 8. question of contribution might arise upon this joint judgment. If the judgment must be paid by the Morses without contributions from appellant, that question is settled by the judgment. If not, they are interested.

Finally, appellant contends that mere irregularities in notice are waived by submission without objection. The failure to move to dismiss an appeal until after the 9. submission of the cause to the Appellate Court, and the filing of the brief upon the merits of the action, cannot serve as a waiver nor a bar to the dismissal of the appeal. *Michigan Mut. Life Ins. Co.* v. *Frankel, supra.* The legislature has prescribed the steps necessary to an appeal, and by the provisions made the courts are bound.

Appeal dismissed.