## HERNLY v. PIERCE ET AL.

[No. 6,860. Filed December 10, 1908.]

APPEAL.—*Parties.*—*Personal Representatives.*—Where a decree of foreclosure was entered against all of the defendants and also a personal judgment rendered against one, a vacation appeal taken from a subsequent motion to modify the decree must name, as parties to the appeal, the personal representatives of the one against whom the personal judgment was rendered, such defendant having died after judgment and prior to the taking of the appeal.

From Superior Court of Madison County; *Cassius M. Greenlee,* Judge.

Suit by Elias A. Pierce against Mary C. Hernly and others. From a refusal to modify a decree for plaintiff, defendant Hernly appeals. *Appeal dismissed.*

*W. S. Ellis, A. C. Call, F. A. Walker* and *F. P. Foster,* for appellant.

*Kittinger & Diven,* for appellee Pierce.

HADLEY, J.—This was a proceeding in the court below to modify a decree which was entered in a suit on notes and to foreclose mortgages in favor of appellee Pierce against his coappellees and appellant and Lemuel J. Hernly. The judgment against Lemuel J. Hernly was only a personal judgment. He neither had nor claimed any title to the land involved. All parties to the original suit were parties to the proceeding to modify the decree thereunder. It appears that since the decree appealed from was entered, and prior to perfecting the appeal, Lemuel J. Hernly died intestate, leaving appellant and appellees, except Pierce, Day and May, as his only heirs.

Appellee Pierce has moved to dismiss this appeal, for the reason that the personal representative of Lemuel J. Hernly is not made a party. This is a vacation appeal. In such an appeal one of the judgment defendants may appeal by mak-

ing all coparties parties to the appeal. The obligation of the judgment was against Hernly's estate, and not against his heirs, and his personal representative should have been made a party to this appeal. *Sohl* v. *Evans* (1902), 29 Ind. App. 634; *Western Union Tel. Co.* v. *Adams* (1902), 28 Ind. App. 420.

Appeal dismissed.