## THOMPSON v. NEWSOM ET AL.

[No. 8,488.   Filed February 14, 1913.]

1.  APPEAL.—*Jurisdiction.—Parties.—Notice.*—Notice to all necessary parties is essential to jurisdiction of an appeal, and unless such notice is given, or there is an appearance, a submission may be set aside and the appeal dismissed.   p. 445.

2.  APPEAL.—*Notice.—Service on Attorneys.*—Although under §681 Burns 1908, §640 R. S. 1881, notice of an appeal may be served on the attorneys of record of the parties sought to be made appellees, such notice is not perfected by an attempt to serve same on attorneys, who, to the knowledge of appellants at the time of the attempted service, no longer represent such parties.   p. 446.

3.  APPEAL.—*Jurisdiction.—Parties.—Death.*—The court cannot acquire jurisdiction of an appeal prosecuted against parties who have died after the rendition of the judgment appealed from, and before the filing of the appeal, but under §677 Burns 1908, §636 R. S. 1881, in such case the proper method of appealing is to serve notice of the appeal on the persons against whom the action might have been revived, if death had occurred before judgment. p. 446.

4.  APPEAL.—*Void Appeal.—Substitution of Parties.*—Where an appeal was void for want of jurisdiction, because of the death of a party to the judgment before the appeal was filed, an order substituting his administrator as an appellee is also void.   p. 447.

5.  APPEAL.—*Substitution of Parties.—Assignment of Errors.— Failure to Amend.*—If, after a valid order substituting as a party to the appeal the administrator of a deceased appellee, the appellant permits the time for appeal to expire without amending the assignment of errors by substituting the name of the administrator for that of the decedent, the court will not permit such amendment to be thereafter made.   p. 447.

From Owen Circuit Court; *Joseph W. Williams*, Judge.

Action by Stephen B. Thompson against John W. Newsom and others.   From a judgment for defendants, the plaintiff appeals.   *Appeal dismissed.*

*S. J. Gee* and *Spangler & Rundell,* for appellant.
*Charles E. Henderson,* for appellees.

IBACH, C. J.—Certain appellees have made a special appearance and asked that this appeal be dismissed, (1) because notice of appeal was not properly served on the persons named as appellees; (2) because there is a defect of parties appellees in the assignment of errors, in that John W. Newsom, named as an appellee, died after judgment was rendered below and before the appeal was taken.

The judgment of the lower court was rendered on October 7, 1911, and the transcript on appeal was filed in this court on October 5, 1912. It appears, from affidavits accompanying the motion to dismiss, that appellant's attorneys came to two attorneys who had represented the defendants in the trial of the cause before the lower court, and asked them to acknowledge service of notice on October 5, 1912, and these attorneys informed appellant's attorneys that they had long since been discharged by defendants, and had no further connection with the cause, and that defendant, Newsom, was dead. It is shown by the record that the attorneys for appellant delivered a copy of notice of appeal to each of these attorneys, but they did not acknowledge service, and have never entered an appearance in this court. It also appears by affidavit that defendant, Newsom, died on May 12, 1912, and that Fred E. Dyer was appointed his administrator on May 18, 1912. On December 31, 1912, this court granted appellant's motion to substitute Fred E. Dyer, administrator, for John W. Newsom, deceased.

In order to give this court jurisdiction of an appeal, notice must be given to all necessary parties, and if no notice is given and there is no appearance, a submission

1. may be set aside and the appeal dismissed. *Tate* v. *Hamlin* (1895), 149 Ind. 94, 41 N. E. 356, 41 N. E. 1035; *Abshire* v. *Williamson* (1898), 149 Ind. 248, 48 N. E.

1027; *Bozeman* v. *Cole* (1894), 139 Ind. 187, 35 N. E. 828; *Kreuter* v. *English Lake Land Co.* (1902), 159 Ind. 372, 65 N. E. 4; *Slusser* v. *Palin* (1905), 35 Ind. App. 335, 74 N. E. 17.

2. The notice attempted to be given in this case was the notice of the first character provided for by §681 Burns 1908, §640 R. S. 1881, or what is known as the unofficial notice. This notice may be served on the attorneys of record of the parties sought to be made appellees, but notice cannot be perfected by an attempt to serve notice on attorneys who, to the knowledge of appellants at the time of the attempted service, no longer represent such parties. *Richardson* v. *Pate* (1884), 93 Ind. 423, 47 Am. Rep. 374; *Rose* v. *Owen* (1906), 37 Ind. App. 125, 76 N. E. 412. But even if notice had been served on at-

3. torneys who at the time of service represented defendants, this court has failed to acquire jurisdiction of this attempted appeal, for another reason. An appellate court has no jurisdiction of an appeal prosecuted against a party who has died after the rendition of the judgment from which the appeal was taken and before the filing of the appeal in the appellate court. Such an attempted appeal is a nullity. Section 677 Burns 1908, §636 R. S. 1881, provides that "in case of the death of any or all the parties to a judgment before an appeal is taken, an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor and against whom the action might have been revived, if death had occurred before judgment." Under this statute, and the decisions construing it, hereinafter referred to, the only proper method in which appellant could bring an appeal was to serve notice on the administrator of defendant Newsom. *Doble* v. *Brown* (1898), 20 Ind. App. 12, 50 N. E. 38; *Moore* v. *Slack* (1894), 140 Ind. 38, 39, N. E. 237.

Since such administrator was not served with notice before the expiration of the year for perfecting appeal, this

court acquired no jurisdiction, and the order of the 4. court made on December 31, 1912, substituting Fred E. Dyer, administrator, as appellee, in the place of John W. Newsom, was void, because the appeal was void, and conferred on this court no jurisdiction over the cause.

And even if that order had been valid, still appellant 5. would be in no better situation, because he had made no effort to amend his assignment of errors by substituting the name of the administrator for his decedent, and since the year for appeal has expired, this court will not permit the amendment of the assignment of errors as to a material matter. In respect to the second question presented by the motion to dismiss, this case is "on all fours" with *Doble* v. *Brown, supra,* and on the authority of that case the submission is set aside, and the cause is ordered stricken from the docket.

Appeal dismissed.

NOTE.—Reported in the 100 N. E. 772. See, also, under (1) 2 Cyc. 863, 873; (2) 2 Cyc. 868; (3) 2 Cyc. 769; (5) 2 Cyc. 788. As to administrators as appellants, see 119 Am. St. 754.