## SMITH ET AL. *v.* HIBBEN ET AL

[No. 8,847.  Filed December 9, 1914.  Rehearing denied May 5, 1915.]
Transfer denied June 24, 1915.]

1. APPEAL.—*Extension of Time for Briefs.—Subsequent Filing of Motion to Dismiss.—Right to Consideration of Motion.*—Although Rule 21½ requires that a petition for extension of time to file briefs must show that all motions to dismiss and all dilatory motions on behalf of the petitioner have been filed, a party procuring an extension thereunder is not necessarily deprived of the right to subsequently move for a dismissal of the appeal, especially where it appears from the petition on which the extension was granted that petitioner did not intend to waive the right to move to dismiss the appeal if cause for dismissal should thereafter be discovered, or where it appears on the facts of the case that the same result would follow independently of the action of the court in granting the extension of time.  p. 441.

2. APPEAL.—*Notice.—Record.—Conclusiveness.*—Where it appears from the precipe and also from the clerk's certificate to the transcript that the notices of appeal, which appellant contends bear the file mark of the clerk of the court on appeal in compliance with §674 Burns 1914, Acts 1899 p. 5, were placed on file in the office of the clerk of the trial court, the record is conclusive, and such notices can not be considered as original notices filed only in the office of the clerk of the Appellate Court.  p. 442.

3. APPEAL.—*Imperfect Term Time Appeal.—Failure to Perfect Vacation Appeal.*—Where the record discloses that appellants undertook to perfect a term time appeal, which was later abandoned, and it appears that the judgment was a joint judgment against joint defendants, one of whom was a nonresident who was defaulted and took no steps to appeal, and notice of appeal was served below upon such codefendant, and upon the appellees, but that the transcript was not filed within sixty days from the time of giving such notice, the notice was unavailable for the perfection of a vacation appeal.  p. 443.

4. APPEAL.—*Notice to Coparties.—Statutes.*—Provision for notice to coparties in vacation appeals, where all the parties affected by the judgment do not join in the appeal, is made only in §674 Burns 1914, Acts 1899 p. 5, and, in such appeal notice must be served on the coparties not joining and the proof thereof must be filed in the office of the clerk of the court to which the appeal is taken.  p. 445.

5. APPEAL.—*Ineffectual Notice.—Failure to Perfect Notice.—Dismissal.*—Under Rule 36 of the Supreme and Appellate Courts, a

dismissal of an appeal is required where the cause has been on the docket ninety days or more, and there has been no appearance by appellee and no steps have been taken to bring him into court, or where notice given was ineffectual and no steps have been taken for more than ninety days after issuance thereof to bring appellee into court; hence where an appeal, in which the notice to coparties and to appellees was ineffectual, had remained upon the docket without any subsequent steps to procure service of proper notice, appellees were not precluded from urging a dismissal after submission and after procuring an extension of time for filing briefs, since appellants were not entitled to a submission, and the defect in service of notice on the coparty was one which is not waived by failure to move for dismissal until after submission and the filing of briefs. p. 446.

6. APPEAL.—*Jurisdiction.—Notice to Coparties.*—In order to confer jurisdiction in a vacation appeal all coparties to the judgment must be joined as appellants and be duly notified, or the court acquires no jurisdiction to determine the case on its merits, and must dismiss the appeal. p. 447.

7. APPEAL.—*Failure to Perfect as to Coparty.—Dismissal.*—Where the notice to a coparty was defective and the cause remained upon the docket beyond the time allowed without any steps to perfect the appeal as to such coparty, jurisdiction could not be conferred by dismissal of the appeal as to such coparty on his motion setting up that he had no desire to join therein, since where an appeal is not perfected within the time allowed by statute, no steps can thereafter be taken that will confer jurisdiction. p. 447.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by Harold B. Hibben and others against John H. Smith and others. From a judgment for plaintiffs, the defendants appeal. *Appeal dismissed.*

*W. A. Thompson, R. W. Sprague* and *Kane & Kane,* for appellants.

*W. A. Ketcham, Merrill Moores* and *Walter Fertig,* for appellees.

FELT, J.—The appellees, Harold B. Hibben, Thomas E. Hibben, and Louis Hollweg, have entered a special appearance herein and moved to dismiss the appeal on the ground that this court has not acquired jurisdiction of the appeal. The substance of the motion is as follows: That the suit was

a joint action against appellants, John H. Smith and Beecher W. Bennett, and one George C. Benham, and the judgment in favor of appellees was a joint judgment against all three of the defendants; that Benham did not appeal and no notice of the appeal was served on him by appellants, Smith and Bennett, and filed with the clerk of this court as required by the statute; the judgment below was rendered against said Benham by default and no copy of the summons issued against him is contained in the transcript though the record shows that such summons was issued; that said Benham did not appear to the action; that an attempt was made to take a term time appeal and the same was abandoned; that final judgment was rendered on January 17, 1913, at which time eighty days' time was given in which to file an appeal bond; that the bond was filed on April 5, 1913, within the time allowed; that the transcript was not filed in this court within sixty days thereafter, nor until January 7, 1914. It is further alleged that the appeal was not perfected as a vacation appeal; that no notice of such appeal was served upon appellees nor on their codefendant, Benham, as required by Rule 2 of this court and by §§681, 674 Burns 1914, §640 R. S. 1881, Acts 1899 p. 5; that a notice to a coparty of a vacation appeal, filed with the clerk of the lower court is insufficient; that the notices embodied in the transcript are not entitled to consideration, but if considered, they are insufficient to confer jurisdiction on this court for the reason they purport to have been served on the eighth, eleventh and twelfth days of July, 1913, and the transcript was not filed within sixty days from such dates; that the cause having stood on the docket of this court for more than ninety days, and there being no appearance of the parties to the appeal and no notice of the appeal as required by the statute, and no steps having been taken by appellants to bring the necessary parties to the appeal into court, jurisdiction of the appeal has not been acquired and the same should be dismissed.

Smith *v.* Hibben—59 Ind. App. 438.

Preliminary to a consideration of the merits of the motion to dismiss, we must determine whether appellees have waived their right to present and secure action on such motion. On May 2, 1913, appellees filed an application for an extension of time in which to file their briefs, and were given until October 20, 1914. They did not strictly comply with the rules of this court by showing that all motions to dismiss and all dilatory motions on their behalf had been filed, but in excuse for not so doing they showed that the record was voluminous (946 pages) and had been in appellant's possession until April 6, 1914; that on account of its length and the press of business appellees' counsel had been unable to examine the same; that they were not then aware of any grounds for a motion to dismiss or other dilatory plea and, as then advised, expected to brief the case on its merits. On October 9, and within the time granted for filing their briefs, appellees filed their motion to dismiss. Rule 21½ of this court is as follows: ''Petitions for extensions of time to file briefs will not hereafter be granted, unless facts are stated therein showing that the court in which said case is pending has jurisdiction thereof, and it is shown that such brief will be on the merits of the cause and that all motions to dismiss and all dilatory motions in said cause on behalf of the petitioner have been filed. The application must also show the date of submission of the cause, the date upon which the time of the applicant for filing the briefs will expire, and the order of the court will fix the date on or before which the brief shall be filed.'' Under this rule, the fact that a party procures an extension of time in which to file his briefs, does not necessarily deprive him of the right to move to dismiss the appeal, though the rule does make the showing in regard to such motions a condition precedent to the procurement of an extension of time. Appellees in their application for an extension of time clearly show that they did not intend to waive their right to move to dismiss the appeal if they afterwards

discovered facts warranting such motion. Whether the court either rightly, inadvertently or erroneously granted appellees an extension of time on a petition that did not fully comply with the rules of the court, does not change the fact that the time for filing briefs was extended without a statement in the petition that all motions to dismiss and other dilatory pleas had been filed. By obtaining an extension of time on such petition, appellees did not waive their right to present and have considered a motion to dismiss the appeal. Furthermore, on the facts of this case, as will further appear, the same result would follow independently of the action of the court in granting the extension of time to appellees.

Appellants do not contend that they gave any other, or different notice of the appeal than those served in July, 1913, and brought up as a part of the transcript.

2. They assert, however, that though the notices are bound with the record, it does not appear that they were filed with the clerk of the lower court, and claim that the file mark of the clerk of this court placed thereon the day the record was filed, was in compliance with §674 Burns 1914, *supra*, and that the notices are sufficient to give this court jurisdiction. Appellants admit that the praecipe calls for copies of the original notices, but contend that the absence from the notices copied into the record, of the file mark of the clerk of the lower court, shows that they are the originals, and not copies, and that this court should consider them as original notices filed only in the office of the clerk of this court. We are unable to agree with such conclusions. However, the record is conclusive on the subject and leaves no room for doubt so far as this court is concerned.

The precipe expressly calls for "Notice of appeal to Clerk. Notice of appeal to parties plaintiff, Harold B. Hibben, et al; notice to coparty, George C. Benham", and the clerk certifies that the "transcript contains true, full, exact, and complete copies of the papers, * * * notices, serv-

ices of notices, acknowledgment of service of notices, * * *
all of which said above enumerated papers are on file in my
office as clerk of said court'', and in addition thereto the
clerk embodies in and makes a part of his certificate, in full,
the ''Special precipe for transcript; notice to clerk of ap-
peal; notice of appeal to coparty, George C. Benham * * *
and the entry of the record of filing the same in the clerk's
office, as the same above enumerated. and described papers
* * * were severally filed in the office of said clerk, and
as appears in my office as such clerk.'' From the foregoing
it not only appears that the notices of appeal were placed
on file in the office of the clerk of the lower court, were called
for by appellants' precipe and certified up as copies of
originals on file, and made a part of the transcript, but that
appellants, employed not only the usual, but resorted to un-
usual, means to have the notices so appear by having the
clerk in addition to the usual certificate, embody in and make
a part of his certificate the special precipe calling for such
notices.

The record also shows that after the court had granted
120 days to appellants in which to prepare and file their
bill of exceptions, they applied for and obtained an
3. extension of sixty days' time from May 17, 1913, for
that purpose, which extended the time into July, the
month in which the notices of appeal were served. On July
5, 1913, the bill of exceptions was presented to the judge,
duly signed and made a part of the record, but the transcrip-
tion was not filed in this court until January 7, 1914. From
the foregoing, it is apparent that the original plan of appel-
lants was to take a term time appeal and that later on this
idea was abandoned and they undertook to perfect a vacation
appeal. Section 681 Burns 1914, *supra,* provides two ways
of giving notice of such appeal, to the adverse party, but
makes no provision for notice to a coparty, where all parties
against whom the judgment was rendered do not join in the
appeal. *Tate* v. *Hamlin* (1895), 149 Ind. 94, 97, 99, 41 N.

E. 356, 1035. Section 674 Burns 1914, *supra*, provides that: "A part of several coparties may appeal to the supreme or appellate court, but in such case they must serve written notice of the appeal upon all the other coparties or their attorneys of record, and file proof thereof with the clerk of such court, and whenever it shall be made to appear to such court by satisfactory proof that such other coparties or any of them, are not residents of the state and have no attorneys of record in the court below, or that such attorneys can not be served with such notice in the state, the court may order that notice of the pendency of the appeal be given to such non-resident co-parties in some newspaper printed and published in the state, for three weeks successively; after which, if proper notice has been given the appellees, the court shall proceed in all respects as if said nonresident coparties had been personally served with notice of said appeal."

The record shows, and all the parties concede, that a joint judgment was rendered against appellants and George C. Benham; that Benham did not appear either in person or by attorney; that he was defaulted and never at any time took any steps to appeal from said judgment nor did he authorize anyone so to do. It also appears from the record that at the time the notice of appeal was served on Benham in July, 1913, he was a resident of Cuyahoga County, Ohio. Rule 2 of this court provides: "When an appeal is taken and notice is given below, the transcript must be filed in the clerk's office within sixty days from the time of giving such notice; if the transcript is not so filed, the notice shall be without effect." This rule has been sustained by the decisions of the Supreme Court and of this court, and it has been held that it neither abridges nor extends the time within which an appeal may be taken as provided by statute, but places a reasonable limitation, in harmony with our statutory provisions, on the time during which a notice of appeal "given below", remains effective for the purpose of perfecting the appeal. If notice of the appeal has been served

below on the adverse party or his attorney and the transcript has not been filed in this court within sixty days thereafter, the notice ceases to be effective to perfect the appeal, but the party may nevertheless serve another notice and perfect his appeal within the time authorized by the statute. *Johnson* v. *Stephenson* (1886), 104 Ind. 368, 4 N. E. 46; *Doak* v. *Root & McBride Co.* (1901), 26 Ind. App. 138, 58 N. E. 444; Ewbank's Manual §154. The notices served in July were of no avail to perfect the appeal as to the adverse parties on the transcript filed in January following, for after sixty days the notice so served became ineffective and the appeal, in legal contemplation, was abandoned.

The questions presented by the motion to dismiss relate not only to the adverse parties below, the appellees here, but to Benham, the coparty, who did not join in the appeal. Section 674 Burns 1914, *supra*, is the only section which provides for notice to coparties in vacation appeals where all the parties affected by the judgment do not join in the appeal. *Jones* v. *McGinnis* (1915), 58 Ind. App. 124, 103 N. E. 353; *Holloran* v. *Midland R. Co.* (1891), 129 Ind. 274, 275, 28 N. E. 549; *Abshire* v. *Williamson* (1898), 149 Ind. 248, 252, 48 N. E. 1027; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 538, 50 N. E. 304; *Masconi* v. *Hert* (1913), 52 Ind. App. 345, 100 N. E. 781. A part of several coparties may appeal to the Supreme or Appellate Court, but where it is a vacation appeal, as in the case at bar, the party or parties so appealing must serve a written notice of the appeal on all the coparties not joining in the appeal, and file proof thereof with the clerk of the court to which the appeal is taken, and it is not a sufficient compliance with the statute to file proof thereof with the clerk of the lower court from which the appeal is taken. §674 Burns 1914, Acts 1899 p. 5. *Helberg* v. *Dovenmuehle* (1906), 37 Ind. App. 377, 379, 76 N. E. 1020; *Sohl* v. *Evans* (1902), 29 Ind. App. 634, 62 N. E. 84; *Brown*

v. *Brown* (1907), 168 Ind. 654, 655, 80 N. E. 535; *National Surety Co.* v. *Button* .(1908), 41 Ind. App. 301, 304, 83 N. E. 644.

As already shown the transcript in this case was filed on January 7, 1914. When the transcript was filed the notice of the appeal given in July, 1913, was of no avail to notify the adverse parties of the appeal, for the reason that such notice expired, or became ineffective under Rule 2, *supra*, at the expiration of sixty days from April 5, 1913, and for the further reason, as applied to Benham, that the notice served upon him under §674, *supra*, to be effective, should have been filed with the clerk of this court.

Rule 36 of this court provides: ''Where a cause appealed in vacation has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proven ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal.'' Since the filing of the transcript appellants have taken no steps to give notice of the appeal to anyone. Appellees took no steps relating to the appeal in any way until May 2, 1914, when they applied for additional time, as above shown. This was more than ninety days after the cause was docketed in this court, and after the time, when under the rule, the appeal should have been dismissed. Appellants were not entitled to an entry of submission, had the notice, the time of service, the fact that Benham was a coparty, and the filing of the notice below as to him, been brought to the attention of the clerk. Where the appeal should have been dismissed, and was not, the court will order the dismissal when its attention is called to the facts which authorize the dismissal. *Cole* v. *Franks* (1897), 147 Ind. 281, 284, 46 N. E. 532. The fact that the appellees did not move to dismiss the appeal until after the entry of submis-

sion, nor until they had applied for and obtained an extension of time, under the circumstances already shown, does not preclude their right to urge a dismissal of the appeal, for it has been held that in vacation appeals taken by a part of several coparties, the statutory requirements of service of notice of the appeal upon coparties not joining therein is imperative, jurisdictional and not waived by the failure to move to dismiss the appeal until after the submission of the cause and the filing of briefs on the merits of the

6. appeal. Also that before any court will proceed to adjudicate upon the subject-matter, it must first acquire jurisdiction over all the parties whose rights or interests will be necessarily affected by its judgment; that in a vacation appeal under §674, *supra*, in order to bring the appeal within the jurisdiction of this court all coparties to the judgment, or judgment defendants, must be joined as appellants and be duly notified, or the court acquires "no jurisdiction to determine the case on its merits, and the appeal must be dismissed on the motion of a party or by the court of its own motion." *Continental Ins. Co.* v. *Gue* (1912), 51 Ind. App. 232, 98 N. E. 147, and cases cited; *Cole* v. *Franks, supra; Sohl* v. *Evans, supra; Holloran* v. *Midland R. Co., supra; Michigan Mut. Life Ins. Co.* v. *Frankel, supra* 539; *Hutts* v. *Martin* (1892), 131 Ind. 1, 30 N. E. 698, 31 Am. St. 412; *Abshire* v. *Williamson, supra; Ashley* v. *Henderson* (1904), 32 Ind. App. 242, 243, 69 N. E. 469; *Doak* v. *Root & McBride Co., supra* 141; *Tate* v. *Hamlin, supra* 101; *O'Mara* v. *Wabash R. Co.* (1898), 150 Ind. 648, 50 N. E. 821; *National Surety Co.* v. *Button, supra* 304.

On October 15, 1914, since the filing by appellees of their motion to dismiss the appeal, said Benham filed a motion in which he states in substance that at the time of the

7. rendition of the judgment he was, and now is, a nonresident of the State of Indiana; that he never authorized an appeal in this case and had no knowledge of any appeal except that given by the notice of July 8, 1913, until

he was informed thereof on October 15, 1914; that he never at any time desired to join in or to assign error in said appeal, and now asks the court to strike his name from the assignment of errors and to dismiss the appeal as to him. Appellants insist that this court should sustain said motion; that appellees entered a full appearance to the appeal by asking for and obtaining an extension of time and that with the name of Benham, their coparty, stricken from the assignment of errors and the appeal dismissed as to him, the court has jurisdiction to dispose of the appeal on its merits. Had Benham been duly notified within the time for perfecting an appeal this would be true.

This court has frequently held that where a party has failed to perfect his appeal within the time allowed by statute, he may not thereafter change or amend his assignment of errors, or take any other steps to give the court jurisdiction it did not acquire within the time given by the statute in which to perfect an appeal. *Pope* v. *Voigt* (1912), 49 Ind. App. 176, 96 N. E. 984; *Tate* v. *Hamlin, supra* 98; *Brown* v. *Brown, supra* 655.

This case stands on the docket the same as if no attempt to give notice of the appeal had ever been made. The court did not have or acquire jurisdiction of the appeal within the year allowed by the statute to take an appeal. No steps were taken by appellants to perfect the appeal within the meaning of our statutes and the rules of the court as interpreted by many decisions of both the courts of last resort in this State. The case comes within the provisions of Rule 36 and the appeal must therefore be dismissed.

The other suggestions and motions do not affect the determination of the motion to dismiss the appeal. We have treated the precipe as signed and the transcript as showing the summons and service thereof on Benham as a part of the record, since the facts shown by the record and the statements of counsel in their briefs leave no room for doubt as to the correctness of such conclusions. There is no need

therefore of action on appellant's application for a writ of *certiorari* to make the record show the summons and the signing of the precipe. Action on Benham's motion to dismiss could not change the conclusion reached, since the appeal, for the reasons already stated, must be dismissed. Appeal dismissed.

NOTE.—Reported in 107 N. E. 40. See, also, under (1) 3 Cyc. 191; (2) 3 Cyc. 152; (4) 3 C. J. 1221; 2 Cyc. 864; (5) 3 C. J. 1238; 3 Cyc. 1913 Anno. 188-new; 3 Cyc. 190, 194; (6) 3 C. J. 1005, 1221; 2 Cyc. 757, 864; (7) 3 C. J. 1043, 1238; 2 Cyc. 785; 3 Cyc. 1913 Anno. 188-new.