WALKER ET AL. *v.* JOHNSON ET AL.

[No. 9,540.   Filed June 28, 1916.]

1.   APPEAL.—*Notice of Appeal.*—*Service on Attorney.*—*Presumption.* —Where an appeal is regularly taken within the statutory period by persons not asserting any legal disabilities, the appellant, in serving notice of the appeal, may presume, until he acquires knowledge to the contrary, that the opposing party's attorney of record in the trial court also represents him on appeal.   pp. 553, 554.

2.   APPEAL.—*Notice of Appeal.*—*Service on Attorney.*—Under §681 Burns 1914, §640 R. S. 1881, providing that notice of appeal may be served on the attorney of the adverse party, service of the notice on appellee's attorney in the trial court is invalid and ineffectual to perfect the appeal, where appellant is notified at the time of the service that such attorney no longer represents the appellee.   p. 553.

3.   APPEAL.—*Notice of Appeal.*—*Effect of Failure to Give.*—Under Rule 36 of the Supreme and Appellate Courts, a vacation appeal will be dismissed when the cause has been on the docket for ninety

days or more without an appearance by the appellee where there has been no effort to perfect the appeal nor any steps taken to bring the appellee into court further than to serve him with an invalid and ineffectual notice of appeal. p. 554.

From Hamilton Circuit Court; *James M. Purvis,* Special Judge.

Action by Horace W. Johnson and others against Edith M. Walker and others. From a judgment for plaintiffs and cross-complainant James W. Walker, the defendants appeal. *Appeal dismissed.*

*Harry Griffin* and *Joseph A. Roberts,* for appellants.
*Shirts & Fertig,* for appellees.

FELT, J.—The parties named as appellees, other than James W. Walker, have moved to dismiss this appeal for several alleged reasons, one of which is the want of due and sufficient notice. Judgment was rendered on July 17, 1914, on conclusions of law stated on a special finding of facts. The judgment was for the plaintiffs quieting their title to certain real estate and for the cross-complainant James W. Walker quieting his title to other real estate described in his cross-complaint. The appellants, Edith M., Bernard, Chase, and Vern Walker, also filed a cross-complaint asking to have their title quieted to certain real estate, and the court found and adjudged that they take nothing by such complaint.

The transcript was filed in this court on February 25, 1916, by Chase Walker and Bernard Walker. Attached to the transcript is an affidavit of Harry H. Griffin, one of appellants' attorneys, in which he sets forth the fact and date of the rendition of the judgment, and that at that time Chase Walker was, and still is, under the legal disability of being under the age of twenty-one years; that at such

time Bernard Walker was under the legal disability of being out of the United States, which disability continued until September 12, 1915. The record shows proof by affidavit of Joseph A. Roberts, one of appellants' attorneys, that he served a notice of the appeal on Walter R. Fertig, a member of the law firm of Shirts & Fertig, attorneys for the plaintiffs in the original suit, by delivering to him a true copy of such notice on February 11, 1916. The motion to dismiss is supported by the affidavit of Walter R. Fertig, in which he says in substance, that he was an attorney in the original suit for the plaintiffs and for James W. Walker on his cross-complaint; that after the rendition of the judgment, and long prior to February 11, 1916, the services of his firm as such attorneys were fully paid and their employment terminated; that when the notice of appeal was presented to him he refused to acknowledge service thereof as attorney for appellees, and then and there informed said Roberts that he was no longer employed by appellees or either of them; that his fees had been paid, the case closed and his services terminated; that the statute under which appellant sought to serve such notice was not applicable under the facts of this case; that thereupon said Roberts laid a copy of the notice on his desk, stated he would make proof of service by affidavit and left the office. Appellants have filed an additional affidavit showing the legal disability of Chase and Bernard Walker, but the facts relative to the service of the notice and the statement of Mr. Fertig made at the time to the effect that he was not then, and had not been for a long time, the attorney for appellees in said cause are not questioned or controverted in any way.

On this showing, for the purposes of this motion,

two facts must be accepted as conclusively established, viz.: (1) When the attempt was made to serve the notice of appeal on Mr. Fertig, neither Mr. Fertig, nor any member of his firm was attorney for the appellees in this appeal; (2) appellants' attorney who sought to serve it in the manner shown was informed of such fact while attempting to procure an acknowledgment of service of the notice, and before he attempted to serve the notice by leaving a copy with Mr. Fertig under the conditions above shown.

Section 681 Burns 1914, §640 R. S. 1881, provides two ways of serving notice of an appeal, and under the plan adopted by appellants authorizes "service of a notice in writing on the adverse party or *his attorney* and also on the clerk of the court." Where the appeal is regularly taken within the statutory period of 180 days by parties not asserting any legal disabilities, the presumption that the attorney of record continues in such relation obtains until the appealing party acquires knowledge to the contrary. But in such appeals the presumption ends with knowledge or notice that the relation of attorney and client has ceased to exist. Where the appealing party has knowledge of the fact, or receives due notice at or prior to the time of serving the notice, that the relation of attorney and client has ceased to exist between the attorney of record and the appellees, an appeal can not be perfected by service of the notice upon such attorney. *Thompson* v. *Newsom* (1912), 52 Ind. App. 444, 446, 100 N. E. 772; *Masters* v. *Abbitt* (1912), 51 Ind. App. 429, 432, 99 N. E. 815; *Rose* v. *Owen* (1905), 37 Ind. App. 125, 127, 76 N. E. 412; *Richardson* v. *Pate* (1884), 93 Ind. 423, 430, 47 Am. Rep. 374. Under the rule above announced, and on the authority

cited we hold the notice invalid, and therefore ineffectual to perfect the appeal. While there is a presumption that the attorney of record in the trial court continues to represent his clients on appeal, the presumption is not conclusive.

As already indicated, the transcript was not filed in this court until more than seventeen months after the rendition of the judgment from which it is sought to appeal. Appellants seek to bring their notice of the appeal within the provisions of §681, *supra*, by the aid of §1356 Burns 1914, §1285 R. S. 1881, which designates the persons who are under legal disabilities. No steps have been taken, or attempt made, to give any other notice or to in any way perfect the appeal. Appellees have duly challenged the sufficiency of the notice. Rule 36 of this court provides that in vacation appeals a cause that has stood on the docket for ninety days, and there has been no appearance by the appellees, and no steps have been taken to bring them into court, or where an attempted notice proves ineffectual, the appeal shall be dismissed. *Smith* v. *Hibben* (1915), 59 Ind. App. 438, 107 N. E. 40, 43; *Fort* v. *White* (1914), 58 Ind. App. 524, 528, 108 N. E. 27; *W. C. Hall Milling Co.* v. *Hewes* (1914), 57 Ind. App. 381, 383, 105 N. E. 241.

The appeal is dismissed.

NOTE.—Reported in 113 N. E. 314.